2000 ND 201

**Melissa Ann MATHRE, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20000097.**

Supreme Court of North Dakota.

Dec. 7, 2000.

Thomas K. Schoppert, Schoppert Law Firm, Minot, ND, for petitioner and appellant.

Ladd Ronald Erickson, Assistant State's Attorney, Mandan, ND, for respondent and appellee.

MARING, Justice.

[¶ 1] Melissa Ann Mathre appealed from an order denying her petition for post-conviction relief from a judgment of conviction based upon a jury verdict finding Mathre guilty of class C felony aggravated assault. We hold Mathre was not denied effective assistance of counsel by her attorney's failure to confer with her about whether to submit lesser included offenses for jury consideration. We affirm.

I

[¶ 2] Mathre filed a direct appeal from her conviction for aggravated assault and sentence of incarceration. In *State v. Mathre*, 1999 ND 224, ¶ 9, 603 N.W.2d 173, this Court upheld the conviction and concluded the trial court did not commit obvious error affecting Mathre's substantial rights by not instructing the jury on the lesser included offenses of assault and simple assault, where defense counsel requested a self-defense instruction but did not request an instruction on the lesser included offenses. On this appeal, Mathre asserts she received ineffective assistance of counsel, because her trial lawyer did not confer with her about whether to submit the lesser included offenses for jury consideration.

[¶ 3] The Sixth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, and N.D. Const. art. I, § 12, guarantee a defendant effective assistance of counsel. *DeCoteau v. State*, 1998 ND 199, ¶ 6, 586 N.W.2d 156. In accord with the test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d

674 (1984), a defendant claiming ineffective assistance of counsel has a heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. *Id.* The defendant must first overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Stoppleworth v. State,* 501 N.W.2d 325, 327 (N.D.1993). To establish the second element of prejudice the defendant carries a heavy burden of establishing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must demonstrate with specificity how and where trial counsel was incompetent and the probable different result. *State v.. Burke,* 2000 ND 25, ¶ 36, 606 N.W.2d 108. In determining whether counsel's performance was deficient, the court must consider all circumstances and decide whether there were errors so serious that defendant was not accorded that "counsel" guaranteed by the Sixth Amendment. *Lange v. State,* 522 N.W.2d 179, 181 (N.D.1994).

## II

[¶ 4] At the post-conviction hearing, Mathre's trial counsel testified that he had no recollection of discussing lesser included offenses with his client:

Q. Did you have a specific conference with my client and explain to her what lesser included offense instructions were?

A. Not that I can recall. I mean, I just don't think I did. I went through the file, and I didn't see any notes. I just have no specific recollection that I did, so I'll have to say no.

At oral argument, the State conceded Mathre's trial lawyer never discussed with her the possibility of requesting the court to submit lesser included offenses for the jury to consider.

[¶ 5] Guidance on which decisions trial counsel should make and which are made by the defendant in a criminal case is found in 1 *American Bar Association Standards for Criminal Justice* 4–5.2(a) and (b) (3rd ed.1993), which provides in relevant part:

(a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel include:

(i) what pleas to enter;

(ii) whether to accept a plea agreement;

(iii) whether to waive jury trial;

(iv) whether to testify in his or her own behalf; and

(v) whether to appeal.

(b) Strategic and tactical decisions should be made by defense counsel after consultation with the client where feasible and appropriate.

The commentary[1] to this standard provides additional guidance:

It is also important in a jury trial for defense counsel to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury.

[¶ 6] While the commentary stresses it is important for defense counsel to consult

---

1. Regarding the decision about requesting lesser included offenses be submitted to the jury, the commentary to the Second Edition of this standard said,

Indeed, because this decision is so important as well as so similar to the defendant's decision about the charges to which to plead, the defendant should be the one to decide whether to seek submission to the

jury of lesser included offenses. For instance, in a murder prosecution, the defendant, rather than the defense attorney, should determine whether the court should be asked to submit to the jury the lesser included offense of manslaughter.

This language was omitted in 1993 from the commentary to the Third Edition.

with his client about lesser included offenses, the standard does not list the decision to submit lesser included offenses as one which must be made by the defendant and not her attorney.

[¶ 7] As a matter of trial strategy, a defendant may waive instructions on lesser included offenses and thereby take an all or nothing risk that the jury will not convict of the greater offense. *See State v. Frey*, 441 N.W.2d 668, 670–71 (N.D.1989). Matters of trial strategy and tactics are for trial counsel to decide, not the appellate courts. *See Stoppleworth v. State*, 501 N.W.2d 325, 328 (N.D.1993). When trial counsel gives coherent and rational reasons for proceeding the way he did at trial, we will not second guess the trial strategy and tactics of the attorney. *DeCoteau v. State*, 2000 ND 44, ¶ 12, 608 N.W.2d 240.

[¶ 8] Mathre's trial attorney testified at the post-conviction hearing:

[W]hen I spoke to Ms. Mathre, she was adamant that she had acted in self-defense and not been guilty of anything. And it was, basically, all or nothing. And so when we go to trial, the approach is we are-we are going to try this as an aggravated assault, because the chances of conviction for any assault are going to go up astronomically if you ask for an included offense.

Trial counsel later testified:

She was adamant that she had done nothing wrong. And in my opinion, if you ask for an included offense, you're assuring conviction.... I advise clients if you ask for an included offense, it does two things. It substantially reduces the risk of conviction on the serious charge to a little less serious, but it virtually guarantees a conviction for something.

After giving that testimony, Mathre's trial attorney was asked if he had told his client that and he responded, "I have nothing to indicate that I didn't." Trial counsel also testified:

I went through the elements about what the State had to prove to make it aggra-

vated assault. You know, the different things that would have to be involved, and I'm sure when we discussed the offer about assault that the differences were discussed.

While Mathre's trial attorney candidly admitted he did not discuss with Mathre whether the lesser included misdemeanor offenses of assault and simple assault should be submitted to the jury, he also testified he discussed with her the elements of aggravated assault and that he believed he also discussed the differences in the elements of the lesser offenses.

[¶ 9] In *Van Alstine v. State*, 263 Ga. 1, 426 S.E.2d 360, 361 (1993), the defendant was convicted of felony murder and appealed, claiming his trial counsel was ineffective because he failed to consult with the defendant before making the tactical decision to pursue an all or nothing strategy and not request a charge on voluntary manslaughter. The Georgia Supreme Court explained its approach to this issue:

[W]hile we conclude that it is critically important for defense lawyers in a jury trial to consult fully with accuseds in such vital matters as the decision whether to pursue an "all or nothing" defense and whether to request the lesser included offenses the trial court may be willing to submit to the jury, and that the effect of a failure to so consult must be rigorously scrutinized when ineffective assistance of counsel is asserted, we do not find that failure to follow this crucial practice in every case constitutes ineffective assistance of counsel as a matter of law.

*Van Alstine*, 426 S.E.2d at 363; *see also Roberts v. State*, 263 Ga. 807, 439 S.E.2d 911, 913 (1994). The Georgia court noted the defendant and his trial counsel strongly shared the view that defendant was acting in self-defense and was not guilty of felony murder and that trial counsel made "an informed strategic choice" to not request a lesser offense instruction. The court concluded defense counsel had made

difficult decisions regarding the defense tactics to be employed and, while others may have exercised different judgment, counsel's conduct in choosing to not submit the lesser included offense instructions, even without conferring with his client, did not constitute representation so inadequate as to amount to a denial of effective assistance of counsel.

[¶ 10] In reaching a similar conclusion that trial counsel's failure to consult with his client before deciding to not request a lesser included offense instruction did not constitute ineffective assistance of counsel, the United States District Court in *Lewis v. Russell*, 2000 WL 1459451 (S.D.Ohio Sept.19, 2000), stated it is reasonable trial strategy to argue self-defense and not request an instruction on a lesser offense. *See also State v. Sheppard*, 270 Mont. 122, 890 P.2d 754, 758 (1995); *Reed v. State*, 560 So.2d 203, 207 (Fla.1990) (defense counsel can waive instructions on lesser included offenses to non-capital crimes without a showing that the defendant has knowingly and intelligently joined in the decision).

[¶ 11] This case involves circumstances similar to those in *Van Alstine*. Mathre's trial attorney made a strategic decision to pursue self-defense and force the jury to either acquit or convict on the aggravated assault charge. As a trial tactic, he decided submission of the lesser included offenses would raise the probability that his client would be convicted of some offense rather than receiving an outright acquittal. Mathre's trial lawyer discussed the self-defense approach and the elements of the aggravated assault charge with his client. He candidly concedes he probably should have been more careful to also confer with her about the decision to not request submission of the lesser included offenses. Nevertheless, under the circumstances, we conclude Mathre's trial counsel made a reasoned decision based upon trial strategy and his failure to confer with his client about it did not constitute representation so inadequate as to amount to a denial of effective assistance of counsel.

## III

[¶ 12] We hold Mathre has failed to carry her heavy burden of proving her trial counsel's performance was defective. We are unpersuaded that Mathre's trial attorney committed error so serious that Mathre was not afforded that counsel guaranteed to her by the Sixth Amendment. Having concluded Mathre was not denied effective assistance of counsel, it is unnecessary to discuss the second element of prejudice. We affirm the order denying Mathre's petition for post-conviction relief.

[¶ 13] VANDE WALLE, C.J., NEUMANN, SANDSTROM, KAPSNER, JJ., concur.