2004 ND 228

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Randal STEEN, Defendant and Appellant.**

**Randal Steen, Petitioner and Appellant**

v.

**State of North Dakota, Respondent and Appellee.**

Nos. 20020343, 20040052.

Supreme Court of North Dakota.

Dec. 17, 2004.

Rehearing Denied Feb. 22, 2005.

Cynthia Mae Feland and Brandi Sasse Russell, Bismarck, N.D., for plaintiff and appellee.

Randal Steen, pro se, Bismarck, N.D.

VANDE WALLE, Chief Justice.

[¶ 1] Randal Steen appealed from a criminal judgment of conviction for possession and manufacture of methamphetamine and possession of drug paraphernalia, and from an order denying his motion for post-conviction relief. We affirm, concluding the trial court did not err when it determined Steen had failed to demonstrate that he received ineffective assistance of counsel at trial.

I

[¶ 2] On January 16, 2002, Deputy Dan Wentz of the Burleigh County Sheriff's Office was attempting to serve civil papers upon Randal Steen and was informed that Steen was staying in Room 55 at the No-Dak Motel in Bismarck. Wentz contacted Deputy Brad Banker of the criminal warrants division, who told Wentz there were outstanding warrants on Steen. After contacting the motel manager to confirm that Steen was registered in Room 55, Wentz, Banker, and Deputy Charlene Schuh went to the motel. Banker knocked on the door, and there was noise from inside the room. Steen eventually opened the door, and the officers entered. Banker told Steen that they had warrants for his arrest, and Steen was handcuffed.

[¶ 3] The officers noticed what appeared to be drugs and paraphernalia in the room, and they asked Steen for permission to search. When Steen declined, Banker contacted Captain Collin Rixen in the warrants division of the Burleigh County Sheriff's Office. Rixen and an assistant state's attorney secured a search warrant from the district court. The resulting search produced additional drugs and paraphernalia.

[¶ 4] Steen was charged with manufacture of methamphetamine, possession of methamphetamine, and two counts of possession of paraphernalia. A jury found Steen guilty on all four counts, and a judgment of conviction was entered. Steen filed a notice of appeal from the judgment.

[¶ 5] While the appeal was pending, Steen filed a motion for post-conviction relief, alleging ineffective assistance of counsel. An evidentiary hearing was held, and the court issued an order denying the motion for post-conviction relief. Steen filed a notice of appeal from that order.

II

[¶ 6] Although Steen filed appeals from both the criminal judgment and the order denying his motion for post-conviction relief, his arguments on appeal all relate solely to the post-conviction proceeding. Accordingly, we address his arguments in that context.

A

[¶ 7] Steen contends the trial court erred in denying his motion for post-conviction relief based upon his claim that he was denied effective assistance of counsel.

[¶ 8] Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. *Heckelsmiller v. State*, 2004 ND 191, ¶ 5, 687 N.W.2d 454; *Ernst v. State*, 2004 ND 152, ¶ 6, 683 N.W.2d 891. The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this Court. *Heckelsmiller*, at ¶ 5; *Ernst*, at ¶ 6. However, a trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *Heckelsmiller*, at ¶ 5; *Ernst*, at ¶ 6.

[¶ 9] The petitioner for post-conviction relief has the burden of establishing a basis for relief. *Ernst*, 2004 ND 152, ¶ 6, 683 N.W.2d 891. In *Garcia v. State*, 2004

ND 81, ¶ 5, 678 N.W.2d 568, we outlined the "heavy burden" required of the petitioner to prevail on a claim of ineffective assistance of counsel:

The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Article I, § 12 of the North Dakota Constitution guarantee a criminal defendant effective assistance of counsel. *DeCoteau v. State,* 1998 ND 199, ¶ 6, 586 N.W.2d 156. To succeed on a claim for ineffective assistance of counsel, a petitioner must prove counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Robertson,* 502 N.W.2d 249, 251 (N.D.1993). "Effectiveness of counsel is measured by an 'objective standard of reasonableness' considering 'prevailing professional norms.'" *DeCoteau v. State,* 2000 ND 44, ¶ 8, 608 N.W.2d 240 (quoting *Strickland,* at 688, 104 S.Ct. 2052). Trial counsel's conduct is presumed to be reasonable and courts consciously attempt to limit the distorting effect of hindsight. *Id.* (quoting *Lange v. State,* 522 N.W.2d 179, 181 (N.D.1994)).

The prejudice element requires a defendant to "establish a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." *Syvertson v. State,* 2000 ND 185, ¶ 22, 620 N.W.2d 362. "A criminal defendant has the 'heavy,' 'demanding' burden of proving counsel's assistance was ineffective," *Mertz v. State,* 535 N.W.2d 834, 836 (N.D.1995), and a defendant claiming ineffective assistance of counsel "must specify how and where trial counsel was incompetent and the probable different result." *State v.*

*Palmer,* 2002 ND 5, ¶ 11, 638 N.W.2d 18.

*McMorrow v. State,* 2003 ND 134, ¶ 10, 667 N.W.2d 577. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* at 694, 104 S.Ct. 2052. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697, 104 S.Ct. 2052.

*See also Heckelsmiller,* 2004 ND 191, ¶¶ 3–4, 687 N.W.2d 454; *State v. Hilgers,* 2004 ND 160, ¶ 16, 685 N.W.2d 109; *Ernst,* at ¶¶ 8–9.

B

[¶ 10] Steen claims that his trial counsel was deficient in failing to challenge Steen's arrest and the search of the motel room because the arrest warrant for Steen was not issued until January 18, 2002, two days after Steen's arrest. Steen's argument is based upon a faulty interpretation of the facts.

[¶ 11] Steen correctly notes that an arrest warrant was issued for him on January 18, 2002, two days after the arrest and search at the NoDak Motel. He asserts that the officers therefore had no basis to arrest him on January 16, and his trial counsel was deficient in not challenging the search resulting from the arrest.

[¶ 12] The arrest warrant of January 18 was issued in conjunction with a criminal complaint, filed the same day, charging Steen under N.D.C.C. § 12.1–08–05 with three counts of failure to appear. The January 18 complaint charged Steen with failure to appear at a January 14, 2002, revocation hearing for criminal mischief; failure to appear at a January 7, 2002, pretrial conference on a DUI charge; and failure to appear on January 8, 2002, for

his scheduled jury trial on charges of possession of stolen property, altering a serial or identification number of a motor vehicle, displaying fictitious license plates, and possession of drug paraphernalia. In other words, in the ten days leading up to his January 16, 2002, arrest, Steen had allegedly failed to appear for three separate court proceedings. It was the bench warrants resulting from his prior failures to appear, not the January 18 warrant issued when Steen was separately charged with the crime of failure to appear, which the officers executed on January 16.

[¶ 13] Rule 6.6, N.D.R.Ct., authorizes issuance of a bench warrant when a person fails to appear in court when required:

> Whenever a person fails to appear in court as duly required by an order to show cause, subpoena, or other process, the judge, upon being satisfied of the failure to appear, may order the clerk to issue a bench warrant directed to all peace officers of this state to bring the person before the court immediately or at a time and place therein specified. The warrant may be served by any peace officer in any county of this state in the same manner as an arrest warrant.

[¶ 14] The record contains testimony from the officers involved that there were existing warrants for Steen's arrest on January 16, 2002. At the post-conviction evidentiary hearing, Steen's trial counsel testified there were outstanding bench warrants for Steen's arrest and he believed it would have been futile to move to suppress the evidence obtained in the subsequent search.

[¶ 15] We conclude the trial court did not err in determining that trial counsel's failure to move to suppress evidence did not constitute ineffective assistance of counsel.

C

[¶ 16] Steen argues his trial counsel was deficient when he failed to object to Steen appearing at the jury trial wearing prison clothing and by failing to arrange for Steen to wear normal attire.

[¶ 17] Steen was transported from the state penitentiary to the courthouse for his trial wearing an orange prison jumpsuit with the words "Prison Inmate" on the back. He remained in those clothes for the first day of trial. On the second day of trial he wore a black-and-white striped uniform with the words "Burleigh County Detention Center" on the back. Steen claims counsel's failure to arrange for other clothing and failure to formally object to proceeding with the trial with Steen in prison clothing was constitutionally deficient.

[¶ 18] At the post-conviction hearing, Steen's trial counsel testified he was upset that Steen had been brought to the courthouse in prison clothing without other clothes to change into at the courthouse. He further testified, however, that he discussed the situation with Steen before trial, they felt they could deal with it, and they decided to proceed with the scheduled trial.

[¶ 19] In order to prevail on his ineffective assistance of counsel claim, Steen must show not only that counsel's performance fell below an objective standard of reasonableness, but must also demonstrate prejudice by establishing "a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." *McMorrow v. State*, 2003 ND 134, ¶ 10, 667 N.W.2d 577 (quoting *Syvertson v. State*, 2000 ND 185, ¶ 22, 620 N.W.2d 362). We have noted that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we

expect will often be so, that course should be followed." *Heckelsmiller*, 2004 ND 191, ¶ 4, 687 N.W.2d 454 (quoting *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Unless counsel's error is so blatantly and obviously prejudicial that it would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, resolution of the prejudice issue will ordinarily require the post-conviction court to assess the prejudicial effect of counsel's alleged error within the context of the overall conduct of the trial and the evidence presented at trial. The Supreme Court of the United States has concluded that a defendant's appearance at trial in prison attire does not automatically vitiate a conviction, recognizing that there may be valid tactical reasons for the defendant to prefer the prison attire. *Estelle v. Williams*, 425 U.S. 501, 507–08, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976).

[¶ 20] In this case, the post-conviction court's ability to assess the prejudicial effect of Steen's attire was hampered by Steen's failure to provide a transcript of the trial to the court. The post-conviction court expressly noted that it had not been provided a transcript or other record of the trial proceedings, and was "left with the pleadings of the petitioner and the evidence presented at the time of hearing

as a basis for consideration of the petitioner's application." On the record before it, the post-conviction court did not err in concluding Steen had failed to establish that counsel's alleged errors were prejudicial or probably affected the result of the trial.[1]

### III

[¶ 21] We have considered the remaining issues and arguments raised by the parties. They are either without merit or unnecessary to our decision. The judgment of conviction and the order denying the motion for post-conviction relief are affirmed.

[¶ 22] NORMAN J. BACKES, S.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and WILLIAM A. NEUMANN, JJ., concur.

[¶ 23] The Honorable NORMAN J. BACKES, S.J., sitting in place of SANDSTROM, J., disqualified.

---

1. Our decision should not, however, be read as approving the appearance of criminal defendants in obvious prison clothing at a jury trial. *See Estelle*, 425 U.S. at 504–09, 96 S.Ct. 1691 (criminal defendant may not be compelled to appear at a jury trial in prison attire, but may waive the right by failing to object); *see also State v. Hendrick*, 164 N.W.2d 57, 59–62 (N.D.1969).