2005 ND APP 8

**Robert L. JOHNSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Nos. 20050028CA, 20050029CA.**

Court of Appeals of North Dakota.

June 30, 2005.

Susan Schmidt, Bismarck, N.D., for petitioner and appellant.

Jeffrey R. Ubben (argued), third-year law student, Lloyd Clayton Suhr (appeared), Assistant State's Attorney, and Richard James Riha (on brief), State's Attorney, Bismarck, N.D., for respondent and appellee.

PER CURIAM.

[¶ 1] Robert L. Johnson appealed from an order denying his applications for post-conviction relief from convictions entered upon pleas of guilty to two charges of class C felony endangering by fire. We conclude the trial court did not abuse its discretion in refusing to allow Johnson to withdraw the guilty pleas or in rejecting his claim of ineffective assistance of counsel. We affirm.

I

[¶ 2] On October 6, 1997, Johnson pled guilty to charges that he started two fires at the North Dakota State Penitentiary where he was incarcerated. In the first incident, Johnson admitted that he threw ignited toilet paper into another inmate's cell. In the second incident, which occurred one week later, Johnson admitted that he started a fire in his own cell. The trial court accepted the guilty pleas and sentenced Johnson to concurrent 18–month terms of imprisonment to be served after he had completed the sentences for which he was incarcerated.

[¶ 3] In July 1999, Johnson filed a pro se application for post-conviction relief only from his conviction on the charge arising from the first incident. He claimed his plea was "unlawfully induced" and was not made voluntarily because of medications he was taking for his mental illness; the conviction was obtained through a "coerced confession;" the conviction was obtained in "violation of the privilege against self-incrimination" because he was questioned by prison officials without his attorney being present; and the prosecutor failed to disclose evidence favorable to him. Johnson's trial attorney was appointed to represent him in the post-conviction proceeding. The trial court granted the State's motion for summary disposition, and Johnson did not appeal. In November 1999, Johnson again filed a pro se application for post-conviction relief only from his conviction on the charge arising from the first incident. Johnson's allegations mirrored those made in his July 1999 application. The trial court summarily dismissed the second application because it "alleges nothing new." Johnson did not appeal.

[¶ 4] In October 2004, Johnson filed two pro se applications for post-conviction relief. In the application challenging the charge arising from the first incident, Johnson again claimed his conviction was obtained by use of a "coerced confession;" the conviction was obtained in violation of his privilege against self-incrimination because he was questioned without his attorney present; the prosecution failed to disclose evidence favorable to him; and he was under medication and did not understand the charges against him. Johnson also alleged that "evidence not previously present[ed] and heard exists requiring vacation of the conviction." For the first time, Johnson also filed an application for post-conviction relief challenging the conviction on the charge arising from the second incident. In this application, Johnson contended that he was denied effective assistance of counsel because his attorney "failed to confer adequately" with him before he pled guilty; the conviction was obtained through use of a "coerced confession;" and the conviction was obtained in violation of his privilege against self-incrimination. After the sentencing judge recused himself, the trial court appointed counsel to represent Johnson and held an evidentiary hearing on the allegations.

[¶ 5] At the hearing, Johnson claimed he was not responsible for setting the fires, he confessed because he was threatened by correctional officers after he had asked for an attorney, and he pled guilty because he was under the influence of medication he was taking for his mental illness. He also testified his trial attorney was ineffective because he did not request a second psychological evaluation after the first evaluation found Johnson was not suffering from mental disease or defect at the time of the fires and was competent to stand trial. Another inmate testified Johnson was in the inmate's cell when the first fire was started. Johnson's trial attorney testified that he had experience representing people on medications and that he tries his best to make sure they understand the nature of their legal proceedings. The attorney testified that he believed Johnson understood the guilty plea proceedings. The trial court denied both applications, reasoning:

> A review of the allegations of Robert L. Johnson and the proceedings held on October 6, 1997, establish that the issues previously raised by Robert L. Johnson were addressed by this Court in prior applications for post-conviction relief and denied.

> Notwithstanding said prior decisions, a review of the transcript of the arraignment, change of plea and sentencing of Robert L. Johnson reflects the Defendant's confirmation of his knowledge of the pending charge, potential penalties, and process of the Court which ensured the Defendant's voluntary and knowing entry of said pleas.

## II

[¶ 6] On appeal, Johnson argues he should be allowed to withdraw his guilty pleas in both cases because he was adversely affected by medications he was taking at the time the pleas were entered and because his confessions were coerced. Johnson further claims he is entitled to post-conviction relief from his conviction on the charge arising from the second incident because he received ineffective assistance of counsel.

## A

[¶ 7] Johnson's application challenging the conviction based on the charge stemming from the first incident was his third application for post-conviction relief from that conviction. Under N.D.C.C. § 29–32.1–12(1) and (2), an application for post-conviction relief may be denied on the grounds of res judicata and misuse of process. A claim is res judicata if it was fully and finally determined in a previous proceeding, and misuse of process occurs when the applicant presents a claim for relief that the applicant inexcusably failed to raise in the proceeding leading to conviction or in a previous post-conviction proceeding. *Jensen v. State*, 2004 ND 200, ¶ 9, 688 N.W.2d 374. Although Johnson did not appeal from the prior denials of his applications, the claims raised in those applications are fully and finally determined for purposes of applying res judicata. *Johnson v. State*, 2004 ND 130, ¶ 12, 681 N.W.2d 769. Johnson's claims challenging the conviction on the charge stemming from the first incident are virtually identical to claims made in the two previous applications filed and rejected by the trial court in 1999. To the extent this application differs in any relevant respect, Johnson has offered no excuse or justification for failing to raise any additional arguments in the prior proceedings. Johnson's claims related to the conviction stemming from the first incident are barred by res judicata and misuse of process as a matter of law. *See Jensen*, at ¶ 10.

## B

[¶ 8] The trial court held an evidentiary hearing and ruled on the merits of both applications. When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. 32(d). *Greywind v. State*, 2004 ND 213, ¶ 7, 689 N.W.2d 390. Withdrawal of a guilty plea is allowed when necessary to correct a manifest injustice, and whether there has been a manifest injustice supporting withdrawal of the plea lies within the trial court's discretion. *Id.* A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when the exercise of its discretion is not the product of a rational mental process. *Bell v. State*, 2001 ND 188, ¶ 21, 636 N.W.2d 438. Furthermore, because post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure, a trial court's findings of fact in post-conviction relief proceedings will not be disturbed unless they are clearly erroneous under N.D.R.Civ.P. 52(a). *Heckelsmiller v. State*, 2004 ND 191, ¶ 5, 687 N.W.2d 454. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made. *Id.*

[¶ 9] In this case, it is apparent the trial court simply did not believe Johnson's testimony that he was coerced into his confessions or that the medications affected his understanding of the guilty plea proceedings, and chose instead to believe the record of the guilty plea proceedings and Johnson's trial attorney, who testified he believed Johnson understood those proceedings. The sentencing judge advised Johnson of the charges against him, the possible sentences, the option to plead guilty or not guilty, and his right to counsel, and assured himself that the pleas were voluntary and not the result of threats or coercion. Johnson answered all questions in an appropriate manner, provided the factual bases for the guilty pleas, and acknowledged his understanding of the proceedings. The task of weighing the evidence and judging the credibility of witnesses belongs exclusively with the trier of fact, and an appellate court does not reweigh credibility or resolve conflicts in the evidence. *Greywind*, 2004 ND 213, ¶ 22, 689 N.W.2d 390. We conclude the trial court's findings are not clearly erroneous and the court did not abuse its discretion in refusing to allow Johnson to withdraw his guilty pleas.

## C

[¶ 10] Johnson argues that he received ineffective assistance of counsel on the conviction based on the charge relating to the second incident because his trial attorney failed to request a second psychological evaluation after the first evaluation concluded Johnson was not suffering from mental disease or defect at the time of the fires and was competent to stand trial. Johnson testified he asked his trial attorney whether he could get another evaluation, but Johnson did not remember the attorney's response.

[¶ 11] To succeed on a claim of ineffective assistance of counsel, a defendant must prove counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. *State v. Steen*, 2004 ND 228, ¶ 9, 690 N.W.2d 239. To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, and the defendant must specify how and

728

where trial counsel was incompetent and the probable different result. *Eagleman v. State*, 2004 ND 6, ¶ 6, 673 N.W.2d 241. The issue of ineffective assistance of counsel is a mixed question of law and fact that is fully reviewable by an appellate court. *Heckelsmiller*, 2004 ND 191, ¶ 5, 687 N.W.2d 454.

[¶ 12] Johnson's claim of ineffective assistance of counsel is without merit. The record establishes that Johnson's psychological evaluation was conducted at the request of both the State and Johnson's trial attorney. The State had an obligation to provide Johnson only one psychological evaluation. *State v. Norman*, 507 N.W.2d 522, 524 (N.D.1993). A criminal defendant has no "right to shop for a psychiatrist at public expense until he finds one who will support his theory of the case." *Id.* Moreover, Johnson has not shown that a second evaluation would have benefited him or that the result of the proceedings would have been different if he had received another evaluation. Johnson has not shown deficient performance or prejudice where his trial attorney failed to request a second evaluation Johnson was not entitled to receive. We conclude the trial court did not err in rejecting Johnson's claim of ineffective assistance of counsel.

III

[¶ 13] The order is affirmed.

[¶ 14] BRUCE BOHLMAN, S.J., EVERETT NELS OLSON, S.J., and NORMAN J. BACKES, S.J., concur.