2005 ND 192

**Timothy Gene KLOSE, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20050044.**

Supreme Court of North Dakota.

Nov. 9, 2005.

Rehearing Denied Dec. 20, 2005.

Timothy Gene Klose, pro se, Bismarck, N.D.; petitioner and appellant.

Frederick Russell Fremgen, State's Attorney, Jamestown, N.D., for respondent and appellee.

MARING, Justice.

[¶ 1] Timothy Gene Klose appeals from a trial court judgment dismissing his application for post-conviction relief. On appeal, Klose argues his trial counsel was ineffective by failing to introduce certain evidence and in failing to review crime scene photographs with him. We affirm.

I

[¶ 2] On October 25, 2001, a jury convicted Klose of the murder of Ray Schultes, a neighbor who lived downstairs in Klose's apartment complex. Klose killed Schultes in the early morning hours of March 22, 2001. Although originally charged with both murder and burglary, the jury acquitted Klose on the burglary count, but convicted him of murder. Klose has never disputed that he killed Schultes.

[¶ 3] Uncontested by the parties is that, in the early morning hours of March 22, 2001, Klose forced his way into Schultes' apartment, struggled with Schultes, fired shots from a New England shotgun, and killed Schultes. The parties differ on the amount of time that passed between Klose's entry into Schultes' apartment and the killing, whether Klose cleaned-up and changed clothes in between forcing his way into Schultes' apartment and finally killing him, and whether Klose fired one or two guns during the incident.

[¶ 4] In his application for post-conviction relief, Klose argues his counsel was ineffective by failing to introduce evidence he believes would have aided his claim that he lacked criminal responsibility at the time of the killing. Klose maintains that, at the time of the killing, he was experiencing a hallucination that led him to believe he was on a spaceship, and the Earth's atmosphere had been destroyed. Klose also asserts that the killing of Schultes was committed under a belief Schultes was his brother.

[¶ 5] Evidence presented at trial by Klose's only witness, Dr. Joann Roux, supports Klose's theory that he was suffering from delirium tremens at the time of the killing, which affected him to such an extent that his conduct was the result of

either a loss or a serious distortion of his capacity to recognize reality. The State has maintained, however, that enough time passed between when Klose first forced his way into Schultes' apartment and when Schultes was finally killed that Klose was criminally responsible for the murder.

[¶ 6] The trial court denied Klose's application for post-conviction relief following a two-day evidentiary hearing.

[¶ 7] On appeal, Klose argues that, by not presenting evidence in three areas, his counsel was ineffective. First, Klose argues his trial counsel should have obtained forensic testing of the clothing, towel, and boxer shorts Klose was alleged to have used to clean-up. Second, Klose argues his counsel should have obtained independent testing of a Remington 870 shotgun the State alleges was also fired during the incident. Third, Klose argues his counsel should have called witnesses who would have attacked the State's theory of the time line of events. Introducing evidence in these three areas, Klose asserts, would have aided his defense of lack of criminal responsibility.

[¶ 8] Klose also argues his counsel was ineffective because counsel failed to go through some 300 crime scene photos with Klose prior to trial. On appeal, Klose argues he was also wrongfully denied access to these photos by his post-conviction relief hearing attorney and the Department of Corrections.

II

[¶ 9] The Sixth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, and N.D. Const. art. I, § 12, guarantees a defendant effective assistance of counsel. *Mathre v. State*, 2000 ND 201, ¶ 3, 619 N.W.2d 627 (citing *DeCoteau v. State*, 1998 ND 199, ¶ 6, 586 N.W.2d 156). The United States Supreme Court, in *Strickland v. Washington*, sets out the test to be used when determining if a defendant has been deprived of his Sixth Amendment right to counsel. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, it is the defendant's burden to prove (1) his counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced by his counsel's deficient performance. *Mathre*, 2000 ND 201, ¶ 3, 619 N.W.2d 627. Establishing both elements is a heavy burden and requires a defendant to both overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* This requires the defendant to demonstrate with specificity how and where trial counsel was incompetent, and it is probable a different result would have been obtained had trial counsel not performed incompetently. *State v. Burke*, 2000 ND 25, ¶ 36, 606 N.W.2d 108.

[¶ 10] "The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this Court." *State v. Steen*, 2004 ND 228, ¶ 8, 690 N.W.2d 239. "[A] trial court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a)." *Id.* "In determining whether counsel's performance was deficient, the court must consider all circumstances and decide whether there were errors so serious that defendant was not accorded that 'counsel' guaranteed by the Sixth Amendment." *Mathre*, 2000 ND 201, ¶ 3, 619 N.W.2d 627 (citing *Lange v. State*, 522 N.W.2d 179, 181 (N.D.1994)). A court need not address both prongs of the ineffective assistance of counsel standard if a defendant clearly fails to meet his bur-

den on one of the prongs. *See Steen*, 2004 ND 228, ¶ 9, 690 N.W.2d 239.

[¶ 11] Based on the record, Klose has neither demonstrated that his attorney's representation was deficient nor that a different result was probable. Klose states that forensic testing of the gun, boxer shorts, towel, and clothing would have shown the State's time line of events was incorrect, and that Klose fired the fatal shot soon after entering Schultes' apartment. Further, he argues the evidence would have shown that only the New England shotgun was fired. Klose's view of the evidence is not supported by this record.

## A

[¶ 12] Our review of the record is limited because Klose has failed to provide a transcript of the evidentiary hearing on his ineffective assistance of counsel claim.

[¶ 13] Under Rule 10(b), North Dakota Rules of Appellate Procedure, an appellant is required to file a trial transcript with the Court on appeal. *Christianson v. Christianson*, 2003 ND 186, ¶ 13, 671 N.W.2d 801. If the appellant fails to comply, he assumes the risks and consequences of such failure. *Flattum–Riemers v. Flattum–Riemers*, 2003 ND 70, ¶ 8, 660 N.W.2d 558. A pro se litigant is not granted leniency solely because of his status as such. *Id.* As we have repeatedly said, "we will decline to review an issue if the record on appeal does not allow a meaningful and intelligent review of the trial court's alleged error." *Id.; State v. Hilgers*, 2004 ND 160, ¶ 19, 685 N.W.2d 109.

[¶ 14] Klose states his reason for not providing a transcript was his inability to afford the cost. Klose requested a transcript to be provided at state expense. The trial court denied the request. Klose has not raised or properly brought this issue before us.

## B

[¶ 15] On the limited record before us, Klose's contention that the Remington was not fired the night of the killing conflicts with Klose's earlier recollections. At trial, Dr. Roux, Klose's own and only witness, stated Klose had told her he fired two different guns. In the account presented in Dr. Roux's Report of Psychiatric Evaluation, presented by the Defense as an exhibit at trial, Klose tells Dr. Roux:

When Randy wouldn't open the door, I went up and got one of my guns, then I went back downstairs and shot the locks off the door. . . . Then I kicked down the door, and I remember walking into pitch blackness and not being able to see anything and calling for Randy. . . . Then Randy (who I now realize was really Ray, who was probably terrified and was just trying to defend himself) jumping out at me and hitting me with a stick. . . . I remember struggling with Randy for a while, and I overpowered him and I hit him with my gun and I think I shot him too. . . . Then I remember seeing Randy lying on the ground, and thinking that he was already dead— but I needed to make sure he was dead, then so I went up and got my 12–gauge and came back down and shot him in the head.

When first arrested, Klose's story also included firing the Remington, according to testimony presented at trial by Detective Sergeant LeRoy Gross.

[¶ 16] Klose simply has not overcome the heavy burden, based on the record before us, of proving he was prejudiced by his counsel's failure to secure an independent forensic test of the Remington, or by failing to introduce forensic evidence regarding the Remington at trial. Indeed, that the Remington was not used would directly contradict the story Klose gave to Dr. Roux, the police, and, presumably, to

counsel before trial. In the absence of a transcript of Klose's evidentiary hearing on the motion before us, we cannot find sufficient evidence that would allow Klose to sustain his ineffective assistance of counsel burden of proof.

[¶ 17] Klose also argues his trial counsel should have submitted evidence to rebut the State's theory of how long the incident took. Klose argues a witness, Sarena Putnam, told Officer Elizabeth Kapp that she had heard the first shot at 4:41 a.m. and the last shot at 4:46 a.m. Klose argues this evidence proves the killing happened over a short period of time, not the ten to fifteen minutes the State asserts Klose had to deliberate over his actions. Because we do not have a transcript, however, we are unable to make any determination of the legitimacy of Klose's claims.

[¶ 18] As to the boxer shorts, towel, and clothing Klose believes should have been subjected to forensic testing, Klose fails to show how that testing would have aided his case. Klose simply states the evidence would have proven he did not change clothes between the first and fatal shot if forensic testing had come back with only his blood on those items. He does not explain why. Conclusory allegations of deficient performance do not constitute a showing sufficient to overcome the presumption that trial counsel's conduct is professional. *State v. Kunkel*, 366 N.W.2d 799, 802 (N.D.1985).

## C

[¶ 19] In denying Klose's application for post-conviction relief, the trial court stated that none of the evidence Klose argues should have been introduced went to the issue of criminal responsibility. Klose argues this was error. The State agrees with Klose. We agree with Klose. Evidence supporting or attacking the time line and events that occurred during the killing go directly to the issue of criminal responsibility.

[¶ 20] In this case, the jury found Klose not guilty of the crime of burglary but guilty of murder. The finding of guilt came in a bifurcated trial solely on the issue of Klose's mental state. Klose had admitted to the actus rea of burglary and murder. He contested only that he had the requisite mental state to be found guilty and indeed Klose was acquitted of having the required mental state for the burglary. It is clear that the less time Klose had to understand what he was doing between the time of the burglary and the murder, the closer in time he brings his actions to the burglary for which the jury found him to not possess the mens rea required for a crime. Whether Klose had five minutes or fifteen minutes between the burglary and the murder, whether he changed clothes between the initial attack and the final killing shot, whether he took the time to go back upstairs to grab another weapon and fire the killing shot all go directly to the issue of criminal responsibility.

[¶ 21] The issue of ineffective assistance of counsel is a mixed question of law and fact that is fully reviewable by this Court. *State v. Steen*, 2004 ND 228, ¶ 8, 690 N.W.2d 239. We will not disturb a correct result merely because the trial court assigned an incorrect reason, if the result is the same under the correct law and reasoning. *State v. Ramsey*, 2005 ND 42, ¶ 12, 692 N.W.2d 498. Although Klose's issues do go to the issue of criminal responsibility, Klose has limited our inquiry by not providing a transcript of the evidentiary hearing. Based on the record before us, he has not met his burden in establishing his counsel's performance was deficient or that he was prejudiced by his counsel's performance.

III

[¶ 22] Klose also argues he was denied access to relevant information by his trial attorney, his evidentiary hearing attorney, and the Department of Corrections. Specifically, Klose argues he was not provided with copies of crime scene photographs or copies of the police reports. According to Klose, when his post-conviction relief evidentiary hearing counsel sent the photographs to him following the evidentiary hearing, Prairie Correctional Facility personnel shredded some of the more graphic photographs. Klose contends the Prairie Correctional Facility would not give him his reading glasses when the photographs arrived, access to certain legal papers during the preparation of his appeal, or sufficient access to the facility's library.

[¶ 23] Klose did not raise these issues in his initial application for post-conviction relief or his amended application for post-conviction relief. Further, Klose does not explain how failure to provide him with a set of the crime scene photographs constitutes ineffective assistance of counsel. This Court will not address issues not presented at the trial court level. *State v. Ramsey*, 2005 ND 42, ¶ 34, 692 N.W.2d 498.

IV

[¶ 24] Accordingly, we affirm the trial court judgment.

[¶ 25] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.