Filed 11/7/06 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2006 ND 222

State of North Dakota, Plaintiff and Appellee

v.

Al Lamonte Davis, Defendant and Appellant

No. 20060033

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Gary H. Lee, Judge.

AFFIRMED.

Per Curiam.

Rozanna C. Larson (argued), Assistant State’s Attorney, Courthouse, P.O. Box 5005, Minot, ND 58702-5005, for plaintiff and appellee.

Bonnie P. Humphrey (argued), Heritage Place, 201 S. Main, Ste. 200, Minot, ND 58701, for defendant and appellant.

State v. Davis

No. 20060033

Per Curiam.

[¶1] Al Davis appeals from a judgment entered after a jury found him guilty of carrying a concealed firearm and possessing a short-barreled shotgun.  Davis argues he did not receive effective assistance of counsel, his statement to the police should have been suppressed because he was not read his Miranda rights, the charges should have been severed into separate trials, and there was insufficient evidence to support the jury verdict.

[¶2] Davis’s entire argument is based upon his underlying ineffective assistance of counsel claim.  To establish ineffective assistance, he must prove (1) his counsel's performance was deficient such that it fell below an objective standard of reasonableness and (2) his counsel's deficient performance prejudiced him.  
Klose v. State
, 2005 ND 192, ¶ 9, 705 N.W.2d 809.  We strongly prefer an ineffective assistance claim be brought in an application for post-conviction relief.  This procedure ensures an adequate evidentiary record, allowing closer inquiry into the reasons underlying counsel's conduct.  
State v. Causer
, 2004 ND 75, ¶ 19, 678 N.W.2d 552.  Nevertheless, we will, on direct appeal, examine the entire record to determine if counsel’s assistance was plainly defective.  
Id.
  Counsel’s assistance is plainly defective when the record affirmatively shows ineffectiveness of constitutional dimensions or the defendant points to some evidence in the record supporting the claim.  
Id.
  “When the record on direct appeal is inadequate to determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made.”  
State v. Strutz
, 2000 ND 22, ¶ 26, 606 N.W.2d 886.

[¶3] The record is inadequate to determine whether the defendant received ineffective assistance of counsel.  We summarily affirm under N.D.R.App.P. 35.1(a)(3).

[¶4] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring