2012 ND 101

**Douglas James KOOSER, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20120058.

Supreme Court of North Dakota.

May 17, 2012.

Kent M. Morrow (argued), Bismarck, ND, for petitioner and appellant.

Kelly Ann Dillon (argued), Assistant State's Attorney, Ward County Courthouse, Minot, ND, for respondent and appellee.

CROTHERS, Justice.

[¶ 1]   Douglas James Kooser appeals a district court order denying his application for postconviction relief.  Kooser argues the district court erred by denying Kooser's request to withdraw his *Alford* plea and by finding Kooser received effective assistance of counsel.  We affirm.

I

[¶ 2]   In May 2007, Kooser was charged with class AA felony gross sexual imposition for engaging in a sexual act with a 7–year–old girl.  The State alleged Kooser touched the girl's vagina with his hand and

penetrated her vagina with his finger. On February 21, 2008, the State filed an amended information charging Kooser with class A felony gross sexual imposition for the same conduct. On February 28, 2008, Kooser entered an *Alford* plea to class A felony gross sexual imposition. Kooser was sentenced to ten years incarceration with four years suspended for five years of supervised probation.

[¶ 3] In May 2011, Kooser filed a pro se application for postconviction relief specifying eight grounds for relief. Kooser requested postconviction counsel, and counsel was appointed. In July 2011, Kooser filed an amended application, alleging the district court erred by accepting his *Alford* plea and his trial attorney was ineffective. The State moved to summarily dismiss the application. The district court denied the State's motion. In November 2011, the district court held an evidentiary hearing on Kooser's application for postconviction relief. In December 2011, the district court denied the application.

II

[¶ 4] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Sambursky v. State,* 2008 ND 133, ¶ 7, 751 N.W.2d 247. Under N.D.R.Civ.P. 52(a)(6), a district court's findings will not be set aside unless clearly erroneous. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Sambursky,* at ¶ 7 (quotation omitted). "Questions of law are fully reviewable on appeal of a post-conviction proceeding." *Wong v. State,* 2011 ND 201, ¶ 4, 804 N.W.2d 382 (quotation omitted).

III

[¶ 5] Kooser argues the district court erred by denying his request to withdraw his guilty plea because it was accepted without an adequate factual basis. The State responds the State's offer of proof at the change of plea hearing established the factual basis for Kooser's *Alford* plea.

[¶ 6] An applicant's attempt to withdraw a guilty plea under the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29–32.1, generally is treated as a motion to withdraw a guilty plea under N.D.R.Crim.P. 11(d). *See Abdi v. State,* 2000 ND 64, ¶ 10, 608 N.W.2d 292. A defendant who has been sentenced may not withdraw a guilty plea "[u]nless the defendant proves that withdrawal is necessary to correct a manifest injustice[.]" N.D.R.Crim.P. 11(d)(2). "The decision whether a manifest injustice exists for withdrawal of a guilty plea lies within the trial court's discretion and will not be reversed on appeal except for an abuse of discretion." *State v. Jones,* 2011 ND 234, ¶ 8, 2011 WL 6223870 (quotation omitted). "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or it misinterprets or misapplies the law." *Id.* (quotation omitted).

[¶ 7] In *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the United States Supreme Court held an individual may enter a voluntary guilty plea without admitting guilt when the "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." We have held *Alford* pleas may be accepted in North Dakota. *See State v. Hagemann,* 326 N.W.2d 861, 869–70 (N.D.1982).

[¶ 8] Before accepting Kooser's *Alford* plea, the district court determined Kooser understood his rights, determined Kooser's

plea was voluntary and asked the State to provide a factual basis for the plea. *See* N.D.R.Crim.P. 11(b)(1)–(3). The district court and Kooser's attorney explained the nature of an *Alford* plea to Kooser, and the district court asked Kooser if he wished to enter an *Alford* plea:

> "THE COURT: Okay. Mr. Kooser, do you understand with my explanation, which I think is pretty close to what [your attorney's] was, that—what an *Alford* plea is, and you're prepared to go forward and accept the plea on an *Alford* plea basis, correct?"

> "THE DEFENDANT: Yes. But I'd like to let you know that I did not touch her vagina. I did not go down in her pants. I did touch her stomach, but that was it."

[¶ 9] Kooser argues the district court did not have an adequate factual basis for his plea because he denied touching the girl's vagina. Rule 11(b)(3), N.D.R.Crim.P., requires a district court accepting a guilty plea to "determine that there is a factual basis for the plea." The factual basis for a guilty plea may be established in multiple ways:

> "First, the court [can] inquire directly of the defendant concerning the performance of the acts which constituted the crime. Secondly, the court [can] allow the defendant to describe to the court in his own words what had occurred and then the court could question the defendant. Thirdly, the court [can] have the prosecutor make an offer of proof concerning the factual basis for the charge."

*Kaiser v. State*, 417 N.W.2d 175, 178 (N.D. 1987). A defendant entering an *Alford* plea need not personally provide the factual basis for the plea. *Hagemann*, 326 N.W.2d at 870. The State may establish the factual basis for an *Alford* plea by providing an offer of proof supporting the charge. *Hagemann*, at 871.

[¶ 10] At the change of plea hearing, the district court found the State's offer of proof established an adequate factual basis for the charge and proved Kooser was likely to be convicted if his case proceeded to trial. Kooser agrees the offer of proof addressed all the elements of gross sexual imposition and established Kooser would likely be convicted, but he asserts the district court should not have accepted his plea in the face of his protestations of innocence. If we accepted Kooser's argument, we would effectively reverse our holding that *Alford* pleas may be accepted in this state. We decline to do so. The district court did not abuse its discretion by denying Kooser's motion to withdraw his *Alford* plea.

## IV

[¶ 11] Kooser argues his trial attorney was ineffective. The State responds Kooser failed to prove ineffective assistance of counsel.

[¶ 12] The Sixth Amendment of the United States Constitution guarantees a criminal defendant's right to effective assistance of trial counsel. *Klose v. State*, 2005 ND 192, ¶ 9, 705 N.W.2d 809. We apply the test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to ineffective assistance of counsel claims. *Sambursky*, 2008 ND 133, ¶ 8, 751 N.W.2d 247. To prove counsel was ineffective, an applicant for postconviction relief has the "heavy burden" of proving: "(1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance." *Id.* (quotation omitted). "A court need not address both prongs of the ineffective assistance of counsel standard if a defendant clearly fails to meet his burden on one of the prongs." *Klose*, at ¶ 10.

"Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable on appeal." *Sambursky*, at ¶ 7.

[¶ 13] Courts considering ineffective assistance of counsel claims apply a strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance." *Mathre v. State*, 2000 ND 201, ¶ 3, 619 N.W.2d 627. "In determining whether counsel's performance was deficient, the court must consider all circumstances and decide whether there were errors so serious that defendant was not accorded that 'counsel' guaranteed by the Sixth Amendment." *Id.* To prove prejudice, a defendant who pleads guilty must prove that "but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Abdi*, 2000 ND 64, ¶ 29, 608 N.W.2d 292 (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

[¶ 14] The district court found Kooser failed to prove his attorney's representation fell below an objective standard of reasonableness. Kooser argues the finding was erroneous for three reasons. First, Kooser argues his attorney advised him to plead guilty so he could receive medical care in prison. The district court found that any expectation Kooser had about receiving medical care was the result of his own subjective belief, not his attorney's advice. That finding was supported by testimony at the evidentiary hearing and is not clearly erroneous. Second, Kooser argues that given his inability to read and write, his attorney failed to adequately explain the nature and consequences of the *Alford* plea. The district court found Kooser's attorney was aware Kooser could not read and write and took adequate steps to ensure Kooser understood the proceedings, including meeting with Kooser on a number of occasions, reading documents to Kooser and discussing the nature of the case and the plea offers with Kooser. That finding also was supported by testimony at the evidentiary hearing and is not clearly erroneous. Finally, Kooser argues his attorney was ineffective for allowing him to enter a plea when he maintained his innocence. Kooser's attorney was not ineffective for allowing Kooser to enter a voluntary *Alford* plea to a reduced charge. The district court did not err by finding Kooser failed to prove his attorney's representation fell below an objective standard of reasonableness. Because Kooser failed to prove the first *Strickland* prong, we need not consider the second.

V

[¶ 15] We affirm the district court order denying Kooser's application for postconviction relief.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J., concur in the result.