# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-1136

_____

Randal R. Steen

*Petitioner - Appellant*

v.

Robyn T. Schmalenberger

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: May 15, 2012
Filed: August 6, 2012

_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A North Dakota jury convicted Randal Steen of manufacturing methamphetamine, possessing methamphetamine, and possessing drug paraphernalia, all in violation of state law. After the North Dakota Supreme Court affirmed his conviction and the denial of his motion for state postconviction relief, Steen filed a

petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The district court[1] denied Steen's petition, and we affirm.

## I.

On January 16, 2002, officers of the Burleigh County Sheriff's Department sought to serve Steen with civil process and arrest him on outstanding warrants. After confirming that he was staying at the NoDak Motel in Bismarck, North Dakota, the officers went to the motel and knocked on the door to Steen's room. Upon entering the room, the officers noticed what appeared to be drugs and paraphernalia. After Steen denied them permission to search, the officers obtained a search warrant for the room. The resulting search uncovered additional drugs and paraphernalia.

Steen was arrested and charged with drug-related offenses. The case proceeded to trial. On the first day of trial, Steen wore an orange prison jumpsuit with the words "Prison Inmate" on the back. On the second day of trial, Steen wore a black-and-white striped uniform with the words "Burleigh County Detention Center" on the back. After a two-day trial, the jury convicted Steen on all counts, and the court sentenced him to fifteen years' imprisonment.

Steen appealed his conviction to the North Dakota Supreme Court. While his direct appeal was pending, he filed a motion for postconviction relief, pursuant to N.D. Cent. Code § 29-32.1-01, alleging, among other things, that his trial counsel was ineffective for failing to object to his appearance at trial in prison garb. The trial court denied the motion after an evidentiary hearing, and Steen appealed that ruling to the Supreme Court of North Dakota.

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota, adopting the report and recommendation of the Honorable Charles S. Miller, United States Magistrate Judge for the District of North Dakota.

The state supreme court resolved both the direct appeal and the appeal from the denial of postconviction relief in a single decision. The court reasoned that "a defendant's appearance at trial in prison attire does not automatically vitiate a conviction," *State v. Steen*, 690 N.W.2d 239, 244 (N.D. 2004) (citing *Estelle v. Williams*, 425 U.S. 501, 507-08 (1976)), and concluded that Steen failed to establish that his counsel's alleged errors prejudiced his defense. The court observed that "the post-conviction court's ability to assess the prejudicial effect of Steen's attire was hampered by Steen's failure to provide a transcript of the trial to the court," and determined that the postconviction court committed no error on the record before it. *Id*.

In 2007, Steen filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court dismissed Steen's petition as untimely, but this court disagreed and remanded the case for further proceedings. *Steen v. Schuetzle*, 326 F. App'x 972 (8th Cir. 2009) (per curiam). The district court then denied relief, and this court granted a certificate of appealability limited to Steen's claim that his trial counsel was ineffective for failing to object to his appearance at trial in prison attire.

II.

We consider petitions for a writ of habeas corpus under the framework created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because Steen's claim "was adjudicated on the merits in State court proceedings," 28 U.S.C. § 2254(d), he can obtain relief only if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *id*. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. § 2254(d)(2).

The Supreme Court of North Dakota applied the familiar two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), to Steen's claim of ineffective assistance of counsel. The court thus required Steen to show that his counsel's performance was deficient and that counsel's errors prejudiced the defense. *Id.* at 687; *see also Smith v. United States*, 182 F.3d 1023, 1025-26 (8th Cir. 1999). The state supreme court determined that Steen had not established prejudice resulting from counsel's failure to object to Steen's appearance at trial in prison attire. *Steen*, 690 N.W.2d at 243-44.

On appeal, Steen argues that the state court erred in requiring him to prove that his counsel's error was prejudicial under *Strickland*. He cites *United States v. Cronic*, 466 U.S. 648 (1984), where the Supreme Court declared that some denials of the right to counsel are "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Id.* at 658. The Court identified three specific situations that meet this standard: (1) the complete denial of counsel; (2) an entire failure of counsel to subject the prosecution's case to meaningful adversarial testing, such as in *Davis v. Alaska*, 415 U.S. 308 (1974); and (3) circumstances, such as those in *Powell v. Alabama*, 287 U.S. 45, 53 (1932), where the likelihood that competent counsel could provide effective assistance is so small that a presumption of prejudice is appropriate. *See Bell v. Cone*, 535 U.S. 685, 695-96 (2002). Steen argues that his case presents a fourth situation that does not require a specific showing of prejudice, because the wearing of prison clothing is necessarily prejudicial.

Steen's argument draws on language from prior decisions of the Supreme Court and this court. In *Estelle v. Williams*, the Supreme Court held that an accused is denied due process if he is compelled to stand trial while dressed in identifiable prison garb. 425 U.S. at 512-13. The Court reasoned that "the constant reminder of the accused's condition implicit in such distinctive, identifiable attire may affect a juror's judgment." *Id.* at 504-05. In *Riggins v. Nevada*, 504 U.S. 127 (1992), the Court held that forced administration of antipsychotic medication violated an

accused's right to a fair trial, because there was no finding that an essential state interest justified the "substantial probability of trial prejudice" that resulted from the effect of the drugs. *Id.* at 138. In *dicta*, the Court said that "[l]ike the consequences of compelling a defendant to wear prison clothing, or of binding and gagging an accused during trial, the precise consequences of forcing antipsychotic medication upon [the accused] cannot be shown from a trial transcript." *Id.* at 137 (internal citations omitted); *see also Deck v. Missouri*, 544 U.S. 622, 635 (2005). And in *Hall v. Luebbers*, 296 F.3d 685 (8th Cir. 2002), this court said in *dicta* that "[s]hackles and prison clothes are 'inherently prejudicial' because they are 'unmistakable indications of the need to separate a defendant from the community at large.'" *Id.* at 698 (quoting *Holbrook v. Flynn*, 475 U.S. 560, 568-69 (1986)). *Hall* found no constitutional violation where the jurors never saw leg and waist shackles that had been applied to the defendant. 296 F.3d at 698-99.

Language in these decisions notwithstanding, the Supreme Court has not clearly established that *Cronic* sets forth the proper analysis of prejudice in a case where a defendant complains that he wore prison attire to court as a result of ineffective assistance of counsel. As in *Wright v. Van Patten*, 552 U.S. 120 (2008) (per curiam), where the Court rejected another effort to extend *Cronic* beyond the precise circumstances articulated in that case, no decision of the Supreme Court "squarely addresses the issue in this case or clearly establishes that *Cronic* should replace *Strickland* in this novel factual context." *Id.* at 125 (internal citation omitted).

In the absence of clear precedent from the Supreme Court, we conclude that the decision of the Supreme Court of North Dakota was not an unreasonable application of clearly established law. Despite recognizing in *dicta* that prison garb, like shackling, is "inherently prejudicial" and "often will have negative effects," *Deck*, 544 U.S. at 635, the Supreme Court has declined to categorize even compelled use of shackles or prison clothing as a structural error that requires automatic reversal on direct review. Such an error can be harmless if the State shows beyond reasonable

doubt that the error did not contribute to the verdict. *Id*. If there is no rule of automatic reversal on direct review for compelled use of prison attire, then we think it cannot be clearly established that the wearing of prison clothing due to ineffective assistance of counsel is automatically prejudicial and governed by *Cronic*. *Cf. Scarpa v. Dubois*, 38 F.3d 1, 14 (1st Cir. 1994). Like other trial errors, an erroneous use of shackling or prison clothing occurs "during the presentation of the case to the jury," and thus may "be quantitatively assessed in the context of [the] evidence presented." *Arizona v. Fulminante*, 499 U.S. 279, 307-08 (1991). It was not unreasonable for the state court to apply *Strickland*.

Nor did the North Dakota court unreasonably apply *Strickland* in determining that Steen had not established prejudice. In "determining the existence *vel non* of prejudice, the court must consider the totality of the evidence before the judge or jury." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (internal quotations omitted). But Steen failed to provide the postconviction court with a transcript of the trial, 690 N.W.2d at 244, so the court had no basis to assess the likelihood of prejudice in light of the strength of the prosecution's case. Based on the record before the state courts, the decision to deny relief was not an unreasonable application of clearly established federal law.

\*　　　\*　　　\*

The judgment of the district court is affirmed.

_____