2005 ND 187

**Marvin LAIB, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20050108.**

Supreme Court of North Dakota.

Nov. 9, 2005.

Jesse N. Lange (argued) and Steven M. Light (on brief), Larivee & Light, Fargo, N.D., for petitioner and appellant.

Brian David Grosinger, Assistant State's Attorney, Mandan, N.D., for respondent and appellee.

CROTHERS, Justice.

[¶ 1] Marvin Laib appealed from a district court judgment denying his application for post-conviction relief. We affirm, concluding (1) Laib's attempt to raise claims of prosecutorial misconduct that he did not raise on direct appeal constituted misuse of process, and (2) Laib failed to establish that he was prejudiced by any alleged ineffective assistance of counsel.

I

[¶ 2] In February 2001, search warrants were executed on Laib's property in Mandan. Officers seized a pen containing residue of methamphetamine, a small amount of marijuana, a beer can containing one ounce of methamphetamine, an "owe sheet" listing drug transactions, $2,550 in cash, and a welder and welding helmet which had been recently stolen from a local business. Laib was charged with possession of methamphetamine with intent to deliver and possession of stolen property.

[¶ 3] A jury found Laib guilty on both counts. Laib was sentenced as a third-time drug offender to the mandatory minimum sentence of twenty years on the methamphetamine charge, and to five years to be served concurrently on the stolen property charge. Laib appealed to this Court, and the judgment of conviction was affirmed. *See State v. Laib*, 2002 ND 95, 644 N.W.2d 878.

[¶ 4] Laib filed an application for post-conviction relief, alleging that the prosecutor had committed misconduct during the trial and that he had received ineffective assistance of counsel at trial. Laib contended the prosecutor (1) improperly suggested to the jury that there was additional incriminating evidence; (2) emphasized that the searches of Laib's property were authorized by court orders; (3) suggested that other items found on Laib's property were stolen; (4) improperly attempted to introduce evidence that Laib was associated with a convicted drug dealer; and (5) improperly sought to impeach defense witnesses with insinuations that they associated with people involved in drugs. Laib further argued his trial counsel rendered ineffective assistance of counsel by failing to timely object to the prosecutor's conduct and failing to challenge the qualifications of two witnesses for the State. Laib waived his right to an evidentiary hearing, but a deposition of his trial counsel was filed. The district court denied Laib's ap-

plication for post-conviction relief, and Laib appealed.

## II

[¶ 5] Laib contends he is entitled to post-conviction relief because the prosecutor committed misconduct during the criminal trial. Laib did not raise this issue on his prior appeal from the judgment of conviction, see Laib, 2002 ND 95, 644 N.W.2d 878, and has not explained his failure to raise the issue at that time.

[¶ 6] Under N.D.C.C. § 29–32.1–12(2)(a), a court may deny an application for post-conviction relief on the ground of misuse of process when the defendant has inexcusably failed to raise an issue in a proceeding leading to a judgment of conviction, inexcusably failed to raise an issue on a prior direct appeal, or inexcusably failed to raise an issue in a prior application for post-conviction relief. E.g., Greybull v. State, 2004 ND 116, ¶ 5, 680 N.W.2d 254; Steinbach v. State, 2003 ND 46, ¶ 8, 658 N.W.2d 355; Hughes v. State, 2002 ND 28, ¶ 11, 639 N.W.2d 696. A defendant who has failed to raise an issue in prior proceedings may not raise it in a subsequent application for post-conviction relief. See Murchison v. State, 2003 ND 38, ¶ 11, 658 N.W.2d 320.

[¶ 7] Laib did not raise the issue of prosecutorial misconduct on his prior direct appeal and has failed to make any showing of excuse or justification for his failure to raise the issue. See Greybull, 2004 ND 116, ¶ 5, 680 N.W.2d 254. Laib's attempt to raise the issue at this belated date constitutes misuse of process under N.D.C.C. § 29–32.1–12(2)(a), and we will not address the issue on appeal.

## III

[¶ 8] Laib contends he received ineffective assistance of counsel at his criminal trial and is entitled to post-conviction relief.

### A

[¶ 9] The Sixth Amendment of the United States Constitution and Article I, § 12 of the North Dakota Constitution guarantee a criminal defendant effective assistance of counsel. E.g., Heckelsmiller v. State, 2004 ND 191, ¶ 3, 687 N.W.2d 454; Garcia v. State, 2004 ND 81, ¶ 5, 678 N.W.2d 568. In accord with the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel bears the heavy burden of proving (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. Greywind v. State, 2004 ND 213, ¶ 13, 689 N.W.2d 390; Heckelsmiller, at ¶ 3. The defendant must first overcome the "strong presumption" that trial counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight. Heckelsmiller, at ¶ 3; Ernst v. State, 2004 ND 152, ¶ 9, 683 N.W.2d 891.

[¶ 10] To meet the "prejudice" prong of the Strickland test the defendant carries the heavy burden of establishing a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Greywind, 2004 ND 213, ¶ 13, 689 N.W.2d 390; Mathre v. State, 2000 ND 201, ¶ 3, 619 N.W.2d 627. The defendant must prove not only that counsel's assistance was ineffective, but must specify how and where trial counsel was incompetent and the probable different result. Greywind, at ¶ 13; Garcia, 2004 ND 81, ¶ 5, 678 N.W.2d 568. Unless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the preju-

dicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial. *State v. Steen,* 2004 ND 228, ¶ 19, 690 N.W.2d 239.

[¶ 11] Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. *Heckelsmiller,* 2004 ND 191, ¶ 5, 687 N.W.2d 454; *Garcia,* 2004 ND 81, ¶ 6, 678 N.W.2d 568. Although the issue of ineffective assistance of counsel is a mixed question of law and fact that is fully reviewable by this Court, the trial court's findings of fact in a post-conviction relief proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a). *Greywind,* 2004 ND 213, ¶ 13, 689 N.W.2d 390; *Heckelsmiller,* at ¶ 5; *Garcia,* at ¶ 6.

B

[¶ 12] If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed. *Heckelsmiller,* 2004 ND 191, ¶ 4, 687 N.W.2d 454. Reviewing Laib's allegations of ineffective assistance of counsel within the context of the remaining evidence and the overall conduct of the trial, *see Steen,* 2004 ND 228, ¶ 19, 690 N.W.2d 239, we conclude Laib has failed to meet his burden of establishing a reasonable probability that, but for counsel's purported errors, the result of his criminal trial would have been different.

[¶ 13] The majority of the claimed errors relate to trial counsel's response to the alleged misconduct of the prosecutor. Laib claims his trial counsel failed to make timely objections or move for a mistrial when the prosecutor made improper arguments, solicited improper testimony, and improperly impeached defense witnesses. In effect, Laib is attempting to convert his prosecutorial misconduct claims into an ineffective assistance of counsel claim. The record demonstrates that Laib's trial counsel did object to the alleged improper conduct by the prosecutor, albeit perhaps not as quickly as Laib in hindsight would have liked, and the objections were generally sustained. In several instances the trial court also gave curative instructions. Any potential prejudice from counsel's responses to the prosecutor's conduct was ameliorated by the ultimate sustaining of objections and giving of curative instructions.

[¶ 14] Furthermore, Laib's claims of ineffective assistance of counsel, including counsel's responses to the prosecutor's conduct and failure to challenge the qualifications of two witnesses for the State, relate to tangential issues and do not outweigh the other significant physical and testimonial evidence untainted by the alleged errors of trial counsel. The State introduced evidence demonstrating that controlled substances, an "owe sheet" listing drug transactions, stolen property, and a large amount of cash were found on Laib's property. Under the circumstances in this case, we conclude Laib has failed to establish a reasonable probability that, but for the alleged errors of counsel, the result of his criminal trial would have been different.

IV

[¶ 15] The judgment denying Laib's application for post-conviction relief is affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ.