# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3607

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Phillip M. Brumfield, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2012
Filed: July 31, 2012

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted Phillip Brumfield of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The district court[1] sentenced him to 120 months' imprisonment. Brumfield appeals his conviction, challenging several of the district court's evidentiary rulings. We affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

# I.

On May 10, 2008, Keith Bell reported to police that his neighbor, Phillip Brumfield, had exposed himself and masturbated outside Brumfield's home. Just over two weeks later, Deputy Sheriff Mike Sallee of Polk County, Missouri, contacted Bell at his residence and spoke with his 14 year-old daughter, A.B. A.B. informed police that in April 2008, Brumfield asked her if she wanted to come to his house and have sex with him while he videotaped it.

Based on this information, Sallee applied for and obtained a search warrant for Brumfield's residence. During a search of the house on May 28, 2008, Sallee and Deputy Sheriff Ron Lovell seized 45 compact disks, one camcorder, and four computers. Sallee and Lovell took this evidence back to Sallee's office in the Polk County Sheriff's Department. At some point, the evidence was taken to the department's evidence room. On June 2, 2008, Sallee delivered the evidence to Sergeant Dan Nash of the Missouri State Highway Patrol, who was to assist in the investigation. Nash secured the evidence through the state highway patrol and sent the computers to a forensic examiner, Paul Cordia. Cordia examined the computers and discovered child pornography on two of them. In total, the two computers had 171 images of child pornography. Sergeant Nash also discovered numerous images of child pornography on the compact disks seized at Brumfield's home.

On May 14, 2009, Brumfield was indicted on one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The next day, police officers searched Brumfield's home pursuant to a federal search warrant and seized a number of documents, one of which was written by Brumfield and discussed childhood sex and sexuality.

At one point in the investigation, Brumfield met with police officers, declared that two of the computers had no items of evidentiary value, and asked why the police

had not returned those two computers to him. When asked why he thought there were items of evidentiary value on the other two computers, Brumfield "went into a dissertation" about the federal law on child pornography, and stated that all the Internet sites he had visited contained disclaimers that all models were over the age of 18. Brumfield also stated that if child pornography was on his computers, then it was placed there by his wife or someone else. He also admitted to transferring content from his computer to the computer disks that were seized from his house.

At trial, Brumfield denied downloading all but two of the pornographic images. Brumfield acknowledged possession of two of the images, but said that he did not believe the images depicted children under the age of 18. At the conclusion of the trial, the jury returned a verdict of guilty.

## II.

Brumfield contends that four of the district court's evidentiary rulings constitute reversible error. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Shillingstad*, 632 F.3d 1032, 1034 (8th Cir. 2011).

## A.

We first address Brumfield's argument that the district court erred in admitting testimony from A.B., a minor, that Brumfield propositioned her to have sex with him while he videotaped it. Prior to trial, the government argued that the evidence was admissible under Federal Rule of Evidence 404(b) as proof of Brumfield's knowledge and intent. The district court ruled that the testimony was admissible, and A.B. testified during the government's case-in-chief.

Rule 404(b) prohibits the admission of evidence of a defendant's prior bad acts to prove character or propensity to commit crime, but it permits such evidence for

other purposes, such as to prove knowledge or intent. *United States v. Winn*, 628 F.3d 432, 436 (8th Cir. 2010). Evidence of prior acts is admissible if it satisfies four criteria. It must be probative of a material issue other than character. *Huddleston v. United States*, 485 U.S. 681, 686 (1988). The prior act must be similar in kind and reasonably close in time to the crime charged. *United States v. Cole*, 537 F.3d 923, 928 (8th Cir. 2008). The prosecution must present sufficient evidence from which a jury could find by a preponderance of the evidence that the prior act occurred. *Huddleston*, 485 U.S. at 690. And under Rule 403, the probative value of the evidence cannot be substantially outweighed by the danger of unfair prejudice.

The testimony that Brumfield propositioned a minor to have sex with him and to help him produce child pornography was relevant to the material issues of Brumfield's knowledge and intent to possess child pornography. Brumfield placed his state of mind at issue by denying that he possessed many of the images and by denying knowledge that two images depicted minors. Evidence that Brumfield sought to produce child pornography was thus relevant to show that he intended to possess child pornography and knew that the images depicted minors.

The evidence also meets the remaining requirements for admission. The act was similar in kind and reasonably close in time to the crime charged. The incident involved the attempted production of child pornography within months of the discovery of the pornographic images on Brumfield's computers. The prosecution presented sufficient evidence for a jury to conclude by a preponderance of the evidence that Brumfield committed the act, as A.B. testified directly about the incident. Finally, the danger of unfair prejudice did not substantially outweigh the probative value of A.B.'s testimony. The evidence was highly probative of Brumfield's knowledge and intent to possess child pornography, and any prejudicial effect was lessened by the court's instruction to the jury to consider the evidence only to evaluate Brumfield's state of mind or intent, and not to determine his innocence

or guilt of the charged offense. *See United States v. Yielding*, 657 F.3d 688, 702 (8th Cir. 2011). We therefore conclude that the district court did not abuse its discretion in admitting A.B.'s testimony.

B.

Brumfield next contends that the district court made two erroneous evidentiary rulings during the government's cross-examination of him. He complains that the court improperly permitted the government to question him about an incident in which he exposed himself and masturbated outside his home, and erroneously permitted the government to introduce a document, written by Brumfield, that discusses child sex. The government responds that Brumfield's testimony on direct-examination opened the door to the admission of this evidence.

The doctrine of opening the door allows a party to present testimony, which otherwise would be inadmissible, to "explain or contradict the testimony offered by the opposing party on direct examination." *United States v. Durham*, 868 F.2d 1010, 1012 (8th Cir. 1989) (internal quotation omitted). It can be used to rebut the impression left by the opposing party's own testimony. *Wright v. Ark. & Mo. R.R. Co.*, 574 F.3d 612, 619 (8th Cir. 2009). It cannot, however, "be subverted into a rule for injection of prejudice." *Durham*, 868 F.2d at 1012 (internal quotation omitted).

We first address the government's questioning of Brumfield about the incident, reported by his neighbor, in which Brumfield exposed himself and masturbated outside his home. Brumfield filed written objections prior to trial about the government's notice of intent to introduce this evidence, but the district court never ruled on the admissibility of the evidence. Brumfield failed to object when the government questioned him about the incident during cross-examination, so we review for plain error. *See United States v. Trogdon*, 575 F.3d 762, 765 (8th Cir. 2009). To obtain relief on plain-error review, Brumfield must show that the district

court committed an error that was obvious and that affected his substantial rights, at which point the court would have discretion to correct the error. *United States v. Olano*, 507 U.S. 725, 732-734 (1993).

The district court did not err in allowing the government to question Brumfield about this incident, because Brumfield opened the door to the questioning. Evidence that Brumfield was videotaped masturbating in public was relevant to contradict Brumfield's claim during direct examination that he was unable to have sex, "not with a partner or not by myself." Brumfield's claim that he could not have sex was an attempt to show that he had no reason to download pornography. Brumfield argues that the questioning resulted in an "enormous prejudicial effect." But the evidence was probative in light of Brumfield's claim on direct examination, and the ruling did not result in unfair prejudice. We thus conclude that the district court did not commit plain error in allowing the government to question Brumfield about this incident.

We next address the disputed introduction of a document discussing child sex. In the document, Brumfield wrote that "sexual child abuse has been overrated," and that "[i]f child genitalia titillation is wanted by the child, the child has not been harmed." The document continues: "[T]he young female body shortly around the age of six can take a penis into the vaginal orifice. It doesn't go all the way in but it fits. As any other woman, it is usually invited as pleasurable." Prior to trial, the government filed a notice of intent to introduce the document in its case in chief. Brumfield objected, and the district court ruled the evidence inadmissible. But after Brumfield stated during cross-examination that he had no interest in child sex, the government sought to introduce the document and to cross-examine Brumfield about its contents. Over Brumfield's objection, the district court admitted the evidence, ruling that Brumfield had opened the door to the evidence.

We agree that Brumfield opened the door to this evidence by testifying that he had "no reason" to access pornography because he was unable to have sex. The

government thus sought to explain or contradict Brumfield's testimony by showing, through his writings on child sex, that Brumfield had an interest in sex, and therefore a "reason" to access pornography. Brumfield argues that he did not open the door to this evidence because he never testified that he had no interest in *child* sexuality. But his focus is too narrow. He denied having a reason to access pornography of any kind, and the case was about child pornography. The writing was introduced to show that Brumfield had a reason to access pornography based on his documented interest in child sex. The district court thus did not abuse its discretion.

C.

Brumfield also argues that the district court erred in allowing the government to introduce Brumfield's computers, hard drives, and computer disks into evidence, because the government did not establish a proper chain of custody. Brumfield points to the government's failure to show what happened to the evidence after it was placed in Deputy Sallee's office and before it was delivered to Sergeant Nash of the Missouri State Highway Patrol for further investigation. Sallee died before trial and did not testify.

In general, physical evidence may be admitted if "a chain of custody exists that shows a reasonable probability that the evidence has not been changed or altered." *United States v. Lothridge*, 332 F.3d 502, 504 (8th Cir. 2003). For purposes of admissibility, the court presumes that the custodians have preserved the integrity of such evidence, unless there is a showing of bad faith, ill will, or proof that someone has tampered with the evidence. *United States v. Miller*, 994 F.2d 441, 443 (8th Cir. 1993). Any defect in the chain of custody typically affects the weight of the evidence rather than its admissibility. *United States v. Briley*, 319 F.3d 360, 363 (8th Cir. 2003).

The district court did not abuse its discretion in admitting the evidence. Brumfield has not made a showing of bad faith, ill will, or tampering. On the contrary, the government presented evidence that the custodians maintained the integrity of the computers. The State's forensic examiner testified that, according to the properly working internal clock on the computers, all of the pornographic images were downloaded or placed on the computer before Sallee and Lovell seized the computers on May 28, 2008. Sergeant Nash testified that the computers showed no signs of tampering when he received them from Sallee on June 2, 2008. Brumfield was entitled to question the validity of the chain of custody during trial, and he did so by questioning Deputy Lovell and Sergeant Nash about where the computers had been located and who could have accessed them during the relevant time period. The court properly admitted the computers, hard drives, and disks, and it was for the jury to determine the proper weight to be given this evidence.

\*　　　\*　　　\*

The judgment of the district court is affirmed.

_____