Filed 1/23/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 10

Ernest Coppage, Petitioner, Appellee and Cross-Appellant

v.

State of North Dakota, Respondent, Appellant and Cross-Appellee

No. 20120267

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Monty G. Mertz, Fargo Public Defender Office, 912 - 3rd Avenue South, Fargo, N.D. 58103-1707, for petitioner, appellee and cross-appellant.

Lloyd C. Suhr, Assistant State’s Attorney, Courthouse, 514 East Thayer Avenue, Bismarck, N.D. 58501, for respondent, appellant and cross-appellee.

Coppage v. State

No. 20120267

VandeWalle, Chief Justice.

[¶1] The State appealed and Ernest Coppage cross-appealed from a district court judgment granting Coppage’s application for post-conviction relief, vacating his attempted murder conviction, and ordering a new trial.  The State argues the court erred in finding Coppage received ineffective assistance of counsel and erred in granting his application for post-conviction relief.  Coppage argues the court’s decision on his ineffective assistance claim should be affirmed but the court erred by failing to rule on his other claims for post-conviction relief.  We reverse and remand.

I

[¶2] In 2006, Coppage was charged with attempted murder.  Before trial, he filed a motion in limine to prevent the State from introducing evidence about prior incidents of alleged domestic violence.  The State did not object and the district court granted the motion.  During the trial, Coppage testified that he hit the victim multiple times, but he claimed he was defending himself.  The State questioned Coppage about his claims during its cross-examination:

Q. Mr. Coppage, why did you have to hit her more than once to defend yourself? 

A. Well, I wasn’t in my right frame of mind.

Q. Why weren’t you in your right frame of mind?

A. Well, drinking and drugs.

Q. So you never would have hit her if you hadn’t been drunk?

A. I’ve never done that to a woman ever in my life.  My 38 years I’ve never hit a woman.

Q. You’ve never assaulted a woman in your life?

A. Not like that.

Q. What do you mean, “not like that”?  You’ve never been physical?

A. I’ve had arguments.

Q. You’ve had arguments.  You’ve never been physical with a woman?

A. No.

Q. You’ve never hit a woman.

A. No.

[¶3] Outside the presence of the jury, the State sought to introduce evidence of a prior misdemeanor assault conviction to impeach Coppage’s testimony.  Coppage’s attorney objected, arguing the State was attempting to circumvent the court’s order on the motion in limine, evidence of the prior conviction was not disclosed before trial, the conviction did not meet the requirements for impeachment by evidence of a prior conviction under N.D.R.Ev. 609, and the State did not demonstrate the probative value of the evidence outweighed the prejudice against Coppage.  The court overruled the objection:

THE COURT: Thank you.  I do find, first of all, the witness has asserted his innocence of any prior conduct of alleged assault or assaultive behavior.  By virtue of the same, it is the order of the Court that the certified conviction occurring in 2004, by virtue of its proximity in time, is an appropriate impeachment document, and I’ll overrule the objection and allow the same.  The same limited for impeachment purposes only.

Please invite the jury to be returned.

[COPPAGE’S ATTORNEY]: Your Honor, just for the completion of the record for possible appeal, I would ask the Court to make a specific ruling that the probative value of this outweighs any prejudicial effect on Mr. Coppage.

THE COURT: It is inherent in the Court’s ruling, but I will so state.

[¶4] The jury returned to the courtroom and the State continued cross-examining Coppage:

Q. Mr. Coppage, before the jury broke, I asked you a question to which you responded that you had never assaulted another woman before.  Do you remember that answer?

A. Yes.

Q. So it was your testimony you’ve never assaulted another woman?

A. That’s what I said, yes.

. . . .

Q. Mr. Coppage, I’m showing you what has been marked as State’s Exhibit 61.  This is a certified copy of a conviction from October of 2004, where you pled guilty to domestic assault . . . . You testified under oath—you understand you are under oath, correct?

A. Yes.

Q. You understand you have to tell the truth.

A. Yes, I do.

Q. When you testified you had never assaulted another woman, that wasn’t true; was it?

A. To the scope of those pictures, yes, it was.

Q. I didn’t ask you if you ever assaulted another woman as severely as [the victim].  I asked you if you ever assaulted another woman?

A. I misunderstood the question.

Q. So you have assaulted another woman.

A. Yes.

Q. So your testimony before was not truthful?

A. No.

Q. Even though you are under oath?

A. Yes.

[STATE]: State offers Exhibit 61, Your Honor.

[COPPAGE’S ATTORNEY]: Same objection as before.

THE COURT: Same objection is overruled, and the same received for the limited purpose as previously recited.

The jury found Coppage guilty of attempted murder and aggravated assault, as a lesser-included offense.

[¶5] Coppage appealed his conviction, arguing there was not sufficient evidence to support his attempted murder conviction and the verdict form was logically and legally inconsistent.  
See
 
State v. Coppage
, 2008 ND 134, 751 N.W.2d 254 (“
Coppage I
”).  We affirmed Coppage’s convictions.  
Id.
 at ¶ 28.  The same attorney represented Coppage during his trial and on appeal.

[¶6] In 2009, Coppage filed an application for post-conviction relief, arguing his trial attorney was ineffective, the jury selection was biased, and the crime scene was tainted.  After a hearing, the district court denied Coppage’s application.  Coppage did not appeal the court’s decision.  Coppage was represented by counsel during the post-conviction proceedings.  

[¶7] In October 2010, Coppage filed a second application for post-conviction relief.  Coppage claimed he was subjected to double jeopardy when he was convicted of both attempted murder and aggravated assault, he was denied due process because the State improperly introduced evidence of prior crimes as impeachment evidence, the State engaged in prosecutorial misconduct, and the district court erred in failing to return the jury for further deliberations after they returned a verdict finding him guilty of both attempted murder and aggravated assault.  

[¶8] The State moved for dismissal, arguing Coppage’s claims were barred by res judicata and misuse of process.  Coppage responded to the State’s motion and filed a memorandum in support of his argument, contending his claims were not barred by misuse of process because he relied on his appointed counsel and his counsel was ineffective.  Coppage later filed an affidavit in support of his application, claiming he received ineffective assistance of trial, appellate, and post-conviction counsel.  The district court dismissed Coppage’s application, ruling his claims were barred by res judicata and misuse of process.

[¶9] Coppage appealed.  This Court reversed the district court decision and remanded for an evidentiary hearing, holding the court erred in summarily dismissing Coppage’s application.  
Coppage v. State
, 2011 ND 227, ¶ 19, 807 N.W.2d 585 (“
Coppage II
”).  This Court held dismissal was not appropriate because Coppage raised a genuine issue of material fact and presented evidence that his failure to raise the evidentiary and prosecutorial misconduct issues in prior proceedings was excusable because his prior post-conviction counsel was ineffective.  
Id.

[¶10] On remand, the district court held an evidentiary hearing and granted Coppage’s petition.  The court ruled Coppage received ineffective assistance of trial counsel because his counsel failed to request an instruction limiting the jury’s use of the evidence of Coppage’s prior conviction and Coppage was prejudiced by the admission of the evidence.  The court ordered Coppage was entitled to a new trial on the charge of attempted murder, but stated Coppage had admitted to the crime of aggravated assault and the sentence for that offense was deemed satisfied.

II

[¶11] The State argues the district court erred in finding Coppage’s trial counsel was ineffective and erred in granting Coppage’s application for post-conviction relief.  

[¶12] Ineffective assistance of counsel is a mixed question of fact and law, which is fully reviewable on appeal.  
Wright v. State
, 2005 ND 217, ¶ 9, 707 N.W.2d 242; 
see also
 
Kruckenberg v. State
, 2012 ND 162, ¶ 5, 820 N.W.2d 314.

In accord with the two-pronged test established in 
Strickland v. Washington
, 466 U.S. 668 (1984), a defendant claiming ineffective assistance of counsel bears the heavy burden of proving (1) counsel’s representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel’s deficient performance.  The defendant must first overcome the “strong presumption” that trial counsel’s representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight.  
Heckelsmiller [v. State
, 2004 ND 191, ¶ 3, 687 N.W.2d 454]; 
Ernst v. State
, 2004 ND 152, ¶ 9, 683 N.W.2d 891.

To meet the “prejudice” prong of the 
Strickland
 test the defendant carries the heavy burden of establishing a reasonable probability that, but for counsel’s errors, the result of the proceeding would have been different.  The defendant must prove not only that counsel’s assistance was ineffective, but must specify how and where trial counsel was incompetent and the probable different result.  Unless counsel’s errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel’s errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial.

Wright
, at ¶ 10 (quoting 
Laib v. State
, 2005 ND 187, ¶¶ 9-10, 705 N.W.2d 845).  A “reasonable probability” is a probability sufficient to undermine confidence in the outcome of the proceedings.  
Tweed v. State
, 2010 ND 38, ¶ 26, 779 N.W.2d 667.

[¶13] On remand, the district court reversed Coppage’s attempted murder conviction, finding he was denied effective assistance of trial counsel because his trial counsel failed to request a limiting instruction after evidence of Coppage’s prior assault conviction was admitted into evidence.  The court first considered whether Coppage was prejudiced by the alleged error.  The court found the evidence of the prior conviction was not admissible under N.D.R.Ev. 609 because the conviction was a misdemeanor and also found Coppage was prejudiced by the admission of evidence:

This Court finds Coppage was prejudiced by having his prior misdemeanor assault conviction admitted into evidence for impeachment purposes because Rule 609, N.D.R.Ev., does not contemplate the admission of misdemeanor convictions, because Coppage’s conviction was similar to the lesser-included offense of aggravated assault, which Coppage admitted to as part of his trial strategy, and because this Court granted Coppage’s pre-trial motion in limine to exclude testimony regarding Coppage’s prior conviction, to which the State did not object, evidencing this Court’s belief that the prior conviction was more prejudicial than probative. 

The court also found Coppage’s trial counsel’s conduct fell below an objective standard of reasonableness:

Coppage’s credibility was vitally important to his defense.  Coppage’s trial counsel filed a pre-trial motion in limine to exclude testimony regarding his prior misdemeanor assault conviction, which the State did not object to, because trial counsel understood the prejudicial effect the conviction could have.  When the State was allowed to introduce the prior conviction, Coppage’s trial counsel did not seek a limiting instruction regarding the jury’s use of the prior conviction evidence, and this Court did not sua sponte give a limiting instruction.  This Court is mindful of the fact that “[a]n unsuccessful trial strategy does not make defense counsel’s assistance defective . . . .”  
State v. Breding
, 1998 ND 170, ¶ 9, 584 N.W.2d 493.  However, based on the facts of this case, this Court finds trial counsel’s conduct fell below an objective standard of reasonableness when trial counsel failed to seek a curative instruction because of the prejudice caused by the admission of Coppage’s prior misdemeanor assault conviction.

A

[¶14] To prevail on an ineffective assistance of counsel claim, the defendant must first overcome the strong presumption that his counsel’s conduct fell within the wide range of reasonable professional assistance.  
Kruckenberg
, 2012 ND 162, ¶ 10, 820 N.W.2d 314.  Evidence of a criminal defendant’s prior convictions generally is not admissible and we have 
“‘warned of the dangers inherent in allowing evidence of other acts to show propensity and of tempting a jury to convict a defendant for actions other than the charged misconduct.’”  
State v. Schmeets
, 2009 ND 163, ¶ 15, 772 N.W.2d 623 (quoting 
State v. Ramsey
, 2005 ND 42, ¶ 19, 692 N.W.2d 498).  “‘[A] criminal defendant faces the unique risk that juries will use prior convictions as evidence of the defendant’s propensity to commit crime, rather than considering the convictions for impeachment purposes.’”  
State v. Stewart
, 2002 ND 102, ¶ 7, 646 N.W.2d 712 (quoting 
State v. Randall
, 2002 ND 16, ¶ 13, 639 N.W.2d 439).  When the prior conviction is similar to the crime charged the danger is heightened.  
Stewart
, at ¶ 8.  An instruction limiting the jury’s use of the evidence is generally sufficient to remove the prejudice and limit the danger to the defendant.  
Laib
, 2005 ND 187, ¶ 13, 705 N.W.2d 845; 
State v. Hernandez
, 2005 ND 214, ¶ 24, 707 N.W.2d 449; 
see also
 
State v. Aabrekke
, 2011 ND 131, ¶ 15, 800 N.W.2d 284 (because of the inherent dangers in admitting evidence of prior bad acts and the court’s obligation to ensure a defendant receives a fair trial, the court should give a cautionary or limiting instruction).  

[¶15] In this case, the district court found trial counsel’s performance fell below an objective standard of reasonableness because he failed to seek an instruction limiting the jury’s use of the evidence of Coppage’s prior conviction.  Coppage’s trial counsel filed a motion in limine to exclude any evidence of prior incidents of alleged domestic violence, and the court granted the motion.  Trial counsel also objected to the admission of the evidence when the State asked the court to allow its admission for impeachment purposes.  However, trial counsel failed to request an instruction to limit the jury’s use of the evidence. There is no evidence in the record about why trial counsel did not request a limiting instruction or that the decision was trial strategy. The evidence supports the court’s finding.  

[¶16] In determining whether Coppage was prejudiced by his counsel’s failure to request a limiting instruction, the district court considered whether the evidence of the prior conviction was admissible under N.D.R.Ev. 609 and the amount of prejudice the admission of the evidence created against Coppage.  The court determined the evidence did not comply with the requirements of N.D.R.Ev. 609.  Under N.D.R.Ev. 609, a party may use a witness’s prior convictions to attack the witness’s character for truthfulness:

(a) General rule. For the purpose of attacking the character for truthfulness of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime must be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime must be admitted if the court determines that the probative value of admitting that evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime must be admitted, regardless of the punishment, if the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

The district court ruled the evidence of Coppage’s prior conviction was not admissible under N.D.R.Ev. 609 because the conviction was for a misdemeanor offense and was not for a crime of dishonesty.  The State admits that Coppage’s prior conviction does not meet the requirements of N.D.R.Ev. 609.  However, N.D.R.Ev. 609 only governs the admission of evidence of certain criminal convictions for the purpose of attacking the witness’s general character for truthfulness.  
See
 N.D.R.Ev. 609(a).  The evidence of Coppage’s prior conviction was not introduced as evidence of Coppage’s general character for truthfulness; rather, the State claims Coppage “opened the door” to the admission of the evidence and the evidence was used to contradict Coppage’s testimony.  

[¶17] Rule 609, N.D.R.Ev., does not apply when a party introduces evidence to impeach or contradict a witness’s specific testimony.  This interpretation is consistent with other courts’ interpretations of the corresponding federal rule.  
See, e.g.
, 
United States v. Gilmore
, 553 F.3d 266, 271-72 (3rd Cir. 2009) (Fed. R. Evid. 609 did not apply to the admission of evidence of the defendant’s prior drug offenses because the evidence was used to impeach specific testimony and not to impeach the defendant’s general character for truthfulness); 
United States v. Norton
, 26 F.3d 240, 243-44 (1st Cir. 1994) (evidence is admissible under Fed. R. Evid. 609  for the purpose of attacking credibility generally, but the Rule does not apply to the admissibility of prior convictions offered for other purposes, and evidence of prior convictions is admissible to contradict specific testimony under Fed. R. Evid. 402 and 403); 
United States v. Lopez
, 979 F.2d 1024, 1033-34 (5th Cir. 1992) (Fed. R. Evid. 609 does not apply in determining the admissibility of relevant evidence introduced to contradict a witness’s testimony as to a material issue, Fed. R. Evid. 403 controls the admission of contradiction evidence).  Because N.D.R.Ev. 609 only applies to the admission of evidence of prior convictions for purposes of a witness’s general character for truthfulness, we conclude it does not apply to the admission of evidence of prior convictions for the purpose of impeaching specific testimony. 

[¶18] 
Evidence of prior convictions may be properly admitted for other reasons.  Evidence that is otherwise inadmissible, may be admitted if the opposing party opens the door through his testimony and invites any error.  
Hernandez
, 2005 ND 214, ¶¶ 20-21, 707 N.W.2d 449; 
see also
 
United States v. Brumfield
, 686 F.3d 960, 963-65 (8th Cir. 2012) (in a possession of child pornography case, the defendant “opened the door” to introduction of a document he wrote about child sex by testifying that he had “no reason” to access pornography, and the document showed the defendant had a reason to access pornography based on his interest in child sex).
  The evidence may be used to “rebut the impression left by the opposing party’s own testimony.”  
Brumfield
, at 964.  

[¶19] When the defendant has opened the door, the court must also consider, under N.D.R.Ev. 403, whether the probative value of the evidence is “substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.”
  
See
 
State v. Hidanovic
, 2008 ND 66, ¶¶ 35-37, 747 N.W.2d 463; 
Norton
, 26 F.3d at 244 (court was required to consider unfair prejudice that could stem from admitting evidence of the defendant’s prior conviction); 
cf.
 
State v. Aabrekke
, 2011 ND 131, ¶ 10, 800 N.W.2d 284 (when evidence of prior crimes, wrongs, or bad acts is admissible, the court must also consider whether the probative value outweighs any prejudicial effect); 
Stewart
, 2002 ND 102, ¶ 7, 646 N.W.2d 712 (N.D.R.Ev. 609 requires the court determine whether the probative value of evidence of a prior conviction outweighs its prejudicial effect because a criminal defendant faces the risk that juries will use the convictions as evidence of the defendant’s propensity to commit crime).  However, a defendant may not be “unfairly prejudiced” by the admission of evidence of a prior conviction if the defendant’s testimony introduces an issue or “opens the door” and the government used the evidence of the prior conviction to establish the defendant lied or misled the jury.  
Norton
, at 244-45.

[¶20] 
Although the evidence of Coppage’s prior conviction does not meet the requirements for admission under N.D.R.Ev. 609 because the conviction was for a misdemeanor, the rule does not apply because the evidence was not offered to impeach Coppage’s general character for truthfulness.  The court did not consider whether the evidence was properly admitted for other reasons, including whether Coppage “opened the door” and the evidence was admissible to contradict his testimony and whether the probative value of the evidence substantially outweighed the danger of unfair prejudice under N.D.R.Ev. 403.

[¶21] Furthermore, the court also did not correctly apply the law in determining whether Coppage was prejudiced by his counsel’s conduct.  The court found Coppage’s trial counsel’s conduct fell below an objective standard of reasonableness because he failed to request an instruction limiting the jury’s use of the evidence of Coppage’s prior conviction.  The court further found Coppage was prejudiced by his counsel’s conduct because the evidence was improperly admitted and the admission prejudiced Coppage.  However, that is not the correct standard for ineffective assistance of counsel.  For the court to determine a defendant was prejudiced by his counsel’s performance, the defendant must establish there is a reasonable probability that, but for counsel’s errors, the result of the proceeding would have been different.  
Wright
, 2005 ND 217, ¶ 10, 707 N.W.2d 242.  
“Unless counsel’s errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel’s errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial.”  
Laib
, 2005 ND 187, ¶ 10, 705 N.W.2d 845.  The court did not assess the prejudicial effect of counsel’s error within the context of the remaining evidence and the overall conduct of the trial.  
On remand, the court must consider the error in the context of the properly presented evidence and overall conduct of the trial and determine whether Coppage established a reasonable probability that the result of the trial would have been different if his counsel had requested a limiting instruction. 

B

[¶22] Moreover, the district court did not carry out the terms of this Court’s mandate on remand.  In 
Coppage II
, this Court reversed the district court’s summary dismissal of Coppage’s application for post-conviction relief and remanded for further proceedings:

Coppage’s evidentiary and prosecutorial misconduct claims could have been raised in prior proceedings.  However, Coppage argued the claims were not previously raised because his prior post-conviction counsel was ineffective.

. . . . 

Coppage argues his post-conviction counsel was ineffective for failing to argue his trial and appellate counsel was ineffective for failing to raise these issues.  Res judicata does not bar Coppage’s ineffective assistance claim.

. . . . 

In Coppage’s affidavit, he claimed his post-conviction counsel was ineffective because she failed to develop an evidentiary record on the issues he raised in his current application for post-conviction relief, which resulted in the State’s claim that the issues are barred by res judicata and misuse of process.  He claimed his post-conviction counsel should have developed a record about his trial counsel’s ineffective assistance in failing to object when the State questioned him about prior crimes or wrongs during the trial.  He claimed the district court had ruled before trial that any evidence of prior acts of domestic violence would not be admitted but the State questioned him about these acts knowing the court already ruled on the issue and his trial counsel failed to object to the State’s questions.  Coppage claimed his post-conviction counsel should have developed a record about whether the prosecutor’s questioning constituted prosecutorial misconduct.  Coppage claimed his trial counsel’s performance fell below acceptable standards when he failed to raise the issue about the prior crimes or acts questioning and prosecutorial misconduct on appeal.

Coppage presented evidence that his failure to raise the evidentiary and prosecutorial misconduct issues in prior proceedings was excusable because his post-conviction counsel was ineffective, which raises a genuine issue of material fact.  We conclude the court erred in summarily dismissing Coppage’s evidentiary, prosecutorial misconduct, and ineffective assistance of post-conviction counsel claims without holding an evidentiary hearing.

2011 ND 227, ¶¶ 11, 13, 18-19, 807 N.W.2d 585.  

[¶23] 
The law-of-the-case doctrine is “‘the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same.’”  
State v. Burckhard
, 1999 ND 64, ¶ 7, 592 N.W.2d 523 (quoting 
Tom Beuchler Constr. v. City of Williston
, 413 N.W.2d 336, 339 (N.D. 1987)).  “‘The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the [appellate court’s] mandate into effect according to its terms. . . . and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate’s terms.’”  
Carlson v. Workforce Safety and Ins.
, 2012 ND 203, ¶ 16, 821 N.W.2d 760 (quoting 
Burckhard
, at ¶ 7). 

[¶24] Here, the district court did not consider whether Coppage’s prior post-

conviction counsel was ineffective for not arguing Coppage’s trial counsel was ineffective for failing to request a limiting instruction and for not raising the prosecutorial misconduct issues Coppage raised in his current application.  Coppage argued his claims should not be summarily dismissed because his prior post-

conviction counsel was ineffective for failing to argue his trial and appellate counsel was ineffective for not raising various issues; therefore, Coppage must establish not only that his trial and appellate counsel was ineffective but that his prior post-

conviction counsel also was ineffective.  

[¶25] For Coppage’s claim to succeed, he must prove (1) his trial and appellate counsel’s representation fell below an objective standard of reasonableness, (2) there is a reasonable probability that the result of the trial or appeal would have been different absent his counsel’s alleged errors, (3) his prior post-conviction counsel’s performance fell below an objective standard of reasonableness by not arguing his trial and appellate counsel was ineffective, and (4) there is a reasonable probability the result of his prior post-conviction proceeding would have been different absent his counsel’s alleged errors.  

[¶26] The court correctly started its analysis of the issues by deciding whether Coppage’s trial counsel was ineffective for failing to request a limiting instruction.  However, the court did not properly apply the law to determine whether Coppage was prejudiced and the court failed to decide whether post-conviction counsel was also ineffective.  We conclude the district court did not properly apply the law and carry out the terms of our mandate.

III

[¶27] In Coppage’s cross-appeal, he argues the district court erred by not addressing his claim of prosecutorial misconduct.  Because we are remanding for the court to carry out our mandate according to its terms, we do not address this issue.  We reverse and remand.

[¶28] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner