# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1709

_____

Johnny Lee Johnson

*Petitioner - Appellant*

v.

William Sperfslage

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 15, 2019
Filed: April 26, 2019
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Johnny Lee Johnson appeals the district court's[1] denial of his petition for habeas corpus under 28 U.S.C. § 2254. He argues that he received ineffective

_____

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

assistance of counsel during trial and on direct appeal from his Iowa conviction for two counts of first-degree murder. We affirm.

On April 29, 2007, Johnson shot and killed his estranged wife and the man she was dating. Johnson's teenage daughter witnessed him in the act of murdering her mother, after which Johnson declared, "It is over. She was f'ing him. I'm going to jail, and I don't care." State v. Johnson, 778 N.W.2d 218, 2009 WL 4842480, *1 (Iowa Ct. App. 2009) (unpublished table decision). Shortly thereafter Johnson called his sister-in-law and said, "I have some sad news. I shot Kim." Id. at *1 n.1. In a later phone call he told her that he had "shot them both." Id. When Johnson later met his brother at the sheriff's office to turn himself in, he told his brother that he had likely scraped his hand while "beating them . . . to make sure they were dead." Id. at *1 (alteration in original). Johnson again confessed to the killings during interrogation by police.

Physical evidence also linked Johnson to the crime scene. Law enforcement officers recovered Johnson's Czechoslovakian pistol from where he had told them he had thrown it and confirmed that it matched the shell casings from the crime scene. Johnson's DNA was found on a beer can near his wife's apartment, as were his muddy footprints. Finally, his wife's blood was found on his blue jeans.

Before trial began, it was decided that Johnson would wear shackles on his legs. How that decision was made is not clear from the record, but Johnson evidently did not object. Johnson confirmed during a pretrial conference that he had spoken with his counsel regarding the shackles and consented to the court's instructing the jury that they should assign no significance to the shackles. The court stated that it would inform the jury that Johnson had agreed to wear shackles so that the sheriff's deputies could patrol the wintry roads instead of standing in the courtroom. There is no record, however, of the court's actual statement to the jury.

Johnson did not challenge the shackling on direct appeal, but later sought post-conviction relief, claiming that his trial and appellate counsel had been ineffective for, *inter alia*, failing to object to his shackling at trial and failing to raise the issue on direct appeal. A state trial court initially granted Johnson a new trial, but the Iowa Court of Appeals reversed, holding that Strickland v. Washington, 466 U.S. 668 (1984), governed Johnson's claims for ineffective assistance of counsel arising from the shackling. Johnson v. State, 860 N.W.2d 913, 919-20 (Iowa Ct. App. 2014). On remand, the trial court found that Johnson could not show a reasonable probability that the result of his trial would have been different in the absence of the errors he alleged. See Strickland, 466 U.S. at 694. The court of appeals affirmed. Johnson v. State, 886 N.W.2d 617, 2016 WL 4803734, *6 (Iowa Ct. App. 2016) (unpublished table decision). The federal district court subsequently denied Johnson's habeas petition, granting a certificate of appealability only as to the shackling issue.

"In reviewing a federal district court's denial of habeas relief, we review findings of fact for clear error and conclusions of law *de novo*." Ervin v. Bowersox, 892 F.3d 979, 983 (8th Cir. 2018). Relevant here, Johnson must show that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "[T]he application of Supreme Court holdings must be objectively unreasonable, not merely wrong." Ervin, 892 F.3d at 983 (internal quotation marks omitted).

Johnson does not argue on appeal that he can demonstrate prejudice under Strickland. He contends instead that prejudice should be presumed based on either the holding in Deck v. Missouri, 544 U.S. 622 (2005), or the doctrine of structural error. We conclude that neither applies here.

In Deck, the shackling issue was raised on direct appeal. The Court held that "where a court, without adequate justification, orders the defendant to wear shackles

that will be seen by the jury, the defendant need not demonstrate actual prejudice to make out a due process violation"; instead, the government must prove beyond a reasonable doubt that the error was harmless. Id. at 635. Because Deck was decided on direct appeal, however, it did not clearly establish a standard for collateral proceedings.

After analyzing Deck and other cases from federal and state courts, the Iowa Court of Appeals agreed with the majority of jurisdictions that Johnson should be required to show prejudice to establish ineffective assistance of counsel. See, e.g., Marquard v. Sec. for Dep't of Corr., 429 F.3d 1278, 1313-14 (11th Cir. 2005); People v. Robinson, 872 N.E.2d 1061, 1071-72 (Ill. 2007). That conclusion was not "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In Steen v. Schmalenberger, 687 F.3d 1060, 1063-64 (8th Cir. 2012), we denied a similar habeas petition, holding that the North Dakota Supreme Court did not unreasonably interpret the law when it required a petitioner to show in a collateral challenge that he was prejudiced by wearing an orange prison jumpsuit during his trial. There has been no intervening Supreme Court decision clearly establishing a different rule. Indeed, the standard adopted by the Iowa Court of Appeals is consistent with the Supreme Court's subsequent decision in Weaver v. Massachusetts, 137 S. Ct. 1899, 1911 (2017), which held that "when a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim, Strickland prejudice is not shown automatically."

Johnson argues alternatively that his counsel's performance was so deficient that it constructively denied his right to counsel and thus constituted structural error. The Iowa Court of Appeals held that Johnson had failed to show a denial of his right to counsel. Because Johnson fails to submit any legal authority rendering that decision unreasonable, we reject his argument that structural error occurred during his trial. See 28 U.S.C. § 2254(d)(1).

-4-

Finally, we deny Johnson's request to expand the certificate of appealability to embrace the other issues he raised in the district court.

The judgment is affirmed.

_____